[L. A. No. 3477.    Department Two.—October 27, 1915.]

W. R. MILLER, Respondent, v. ANTHON MARCHUS et al.,
Appellants.

PUBLIC LANDS — RESURVEY OF LANDS IN SAN DIEGO COUNTY — ACT OF
CONGRESS OF JULY 1, 1902 — NEW SURVEY SUPERSEDES OLD —
BOUNDARIES OF SCHOOL LANDS.—*Nichols* v. *McCullom*, 169 Cal.
611, approved, to the effect that under the act of Congress of
July 1, 1902, providing for a resurvey of specified townships in San
Diego County (now Imperial County), the new survey supersedes
the old one, and regulates the disposition of the public lands
within the area affected as to all persons not in the actual occu-
pancy of the land; that unoccupied sixteenth and thirty-sixth sec-
tions passing to the state of California upon the approval of the
old survey are governed, in respect of their boundaries, by the
resurvey; and that parties going upon the land after the passage
of the act, and with constructive knowledge that the resurvey was
to be made, took the chance that such survey might establish that
the land occupied by them was a school section, and not subject
to entry as vacant lands of the United States.

APPEAL from a judgment of the Superior Court of Im-
perial County.    Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellants.

Frank C. Prescott, for Respondent.

MELVIN, J.—Plaintiff sued in ejectment.    Judgment on
the pleadings was entered in plaintiff's favor and defendants
appeal.

The property involved is included within the resurvey by
the United States of certain lands in Imperial County of
which this court was concerned in the discussion of the issues
presented by the appeal in the case of *Nichols* v. *McCullom*,
169 Cal. 611, [147 Pac. 271].    Plaintiff asserts title under a
grant from the state of California of the property described
as follows:

"The South half (S. ½) of the Southeast quarter (SE. ¼),
the Northeast quarter (NE. ¼) of the Southeast quarter
(SE. ¼), and the Southeast quarter (SE. ¼) of the North-

east quarter (NE. 1/4) of Section thirty-six (36), Township fifteen (15) south, Range twelve (12) east, San Bernardino Meridian, containing one hundred and sixty (160) acres, and which said section thirty-six (36), is correctly described on the plat of resurvey of Township sixteen (16) south, Range twelve (12) East, San Bernardino Meridian, as 'reserved for survey of school section thirty-six (36), Township fifteen (15) South, Range twelve (12) east, (640).' '' The pleading sets forth the fact that by certificate of purchase No. 14,900 dated August 27, 1900, the state of California sold the said lands to A. E. Dodson, who went into possession thereof and in 1904 conveyed his title to plaintiff; and that on March 11, 1911, the state of California granted said land to plaintiff. The payment of all taxes by plaintiff and his predecessors is alleged and the complaint also contains averments that plaintiff was ousted of possession by defendants in 1906 and that they refuse his demands for the restitution of the property. Defendants by their answer deny that any actual survey was made in Imperial Valley in 1856 and stigmatize the field-notes of Matheson purporting to apply to such a survey as "fictitious." They admit that in 1908, pursuant to an act of Congress of 1902, a resurvey was made of certain lands in Imperial County, but deny that the lands described in the complaint fall correctly into section 36 of any survey or that "tract 106" represents any school lands. In other words, they make the same contentions that were put forward by the defendants in Nichols v. McCullom, 169 Cal. 611, [147 Pac. 271], that the state of California never obtained title to the lands in controversy as school lands, and that by arbitrary action the commissioner of the general land office caused an amended plat of the actual survey to be filed by which "tract 106" was falsely shown to represent school section 36 in T. 15 S., R. 12 E., of the plat approved March 2, 1857. The payment of taxes by plaintiff and his predecessors upon the land as shown by his grant from the state is admitted by the answer, but it is denied that the description correctly applies to the land in controversy. Their own entry upon the land in 1904 is admitted by defendants but it is not alleged that the lands are or were at that time open to homestead entry, or that defendants have, or either of them has, complied with any laws with reference to such lands except that they intend to make homestead entry of the said lands as

soon as a plat of the survey made in the year 1908 shall be filed in the United States land office. In other words, defendants are frankly ''squatters'' who are seeking to hold possession of the property upon the alleged infirmity of governmental acts under which plaintiff, by complying with the law, has obtained title.

All of the contentions of appellants are answered, adversely to their desires, by the opinion of this court written by Mr. Justice Sloss and filed in the said Nichols case. As in that case, the defendants claim by virtue of a possession which began after the act of July 1, 1902, had authorized the Secretary of the Interior to cause a resurvey of certain townships to be made. Therefore the following language of that decision is entirely applicable to this case and is conclusive of the whole matter:

''If the act of 1902 has been rightly interpreted by us, there is no occasion to consider the argument of respondents to the effect that the decision of the Land Department of the government fixing the location of section 16 was erroneous, and that said section was placed by the new survey at a different place from that occupied by section 16 under the survey of 1856. The new survey superseded the old one. Parties going upon the land after the passage of the act, and with constructive knowledge of the fact that such survey was to be made, took the chance that such survey might establish that the land occupied by them was a school section, and not subject to entry as vacant lands of the United States.''

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.