[L. A. No. 3518.    Department Two.—March 20, 1916.]

In the Matter of the Application of C. A. SCOTT and JENNIE E. SCOTT, Husband and Wife, to Bring School Section 36, Township 13 South, Range 13 East, S. B. M., According to the Original United States Survey, Under the Operation of the Act Entitled ''An Act for the Certification of Land Titles and the Simplification of the Transfer of Real Estate,'' Approved March 17, 1897.

PUBLIC LAND—RESURVEY OF LANDS IN IMPERIAL COUNTY—NEW SURVEY SUPERSEDES OLD—SCHOOL LANDS.—Under the act of Congress of July 1, 1902, providing for a resurvey of certain townships now situated in Imperial County, to cure the obliterations of the monuments of the original survey, the new survey supersedes the old one, and regulates the disposition of the public lands within the area affected as to all persons not in the actual occupancy of the land; and school sections, which had passed to the state of California upon the approval of the old survey are governed, in respect of their boundaries, by the resurvey.

APPEAL from a judgment of the Superior Court of Imperial County. George H. Hutton, Judge presiding.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellants.

Conkling & Brown, Eshleman & Swing, and Phil D. Swing, for Respondents.

HENSHAW, J.—This action was brought by C. A. Scott and his wife under the provisions of the Torrens Land Act. They sought a decree establishing title in themselves to school section 36, township 13 south, range 13 east, S. B. M., in Imperial County, which section was located as tract 57 of the resurvey of the township under the act of Congress of July 1, 1902. Notice was duly served upon all the persons named as occupants of tract 57 and occupants of the lands adjoining this tract. The petition states that tract 57 of the resurvey is section 36 of the original survey; that John J. Miller occupied the south half thereof; Josiah W. Edwards occupied the north one-half of the northwest quarter and the northwest quarter of the northeast quarter thereof; that W. A. Patterson and his wife occupied a portion of the northeast quarter, defined to be the northeast quarter of the northeast quarter and the south one-half of the northeast quarter; that Paulina McElfresh occupied the south half of the northwest quarter. She filed a disclaimer in these proceedings. Miller, Edwards, and the Pattersons filed a joint answer, and subsequently the Pattersons filed a separate answer. These answers in substance admit that Scott is the grantee of the state of California of section 36, township 13, but aver that that section is not identical with tract 57 of the new survey, but that tract 57 is identical with section 33 of township 13, and the defendants assert ownership in themselves of tract 57 as being section 33, township 13, under their respective desert land entries. The answers attack the original United States survey made in 1856 and approved March 2, 1857, as being fraudulent and fictitious, and allege that township 13 was not surveyed until "the so-called resurvey thereof was made in the year 1908." As to this resurvey it is asserted that "no attempt has been made to locate the school section, or any other section, or any other lands, in accordance with the old United States survey alleged to have been made in 1856."

Upon approval in 1857 of the survey of 1856, title to section 36 vested in the state of California. This title passed to petitioner C. A. Scott under his certificate of purchase of January 3, 1901, before the resurvey was ordered. Upon the other hand, all the rights of the defendants were initiated by entries made after the act of Congress ordering the resurvey, and were therefore controlled by the results of that survey. (*Whitaker* v. *McBride,* 197 U. S. 510, [49 L. Ed. 857, 25 Sup.

Ct. Rep. 530] ; *Stoneroad* v. *Stoneroad,* 158 U. S. 240, [39 L. Ed. 966, 15 Sup. Ct. Rep. 822] ; *Russell* v. *Maxwell Land Grant Co.,* 158 U. S. 253, [39 L. Ed. 971, 15 Sup. Ct. Rep. 927] ; *Horne* v. *Smith,* 159 U. S. 40, [40 L. Ed. 68, 15 Sup. Ct. Rep. 988] ; *Cragin* v. *Powell,* 128 U. S. 691, [32 L. Ed. 566, 9 Sup. Ct. Rep. 203].)

One of the results of the resurvey was a determination by the land department that this section 36 of the original survey was plot 57 of the resurvey. To this determination, which thus fixed the location of the original section 36, who can object? Not these respondents, whose entries one and all were made in subordination to this resurvey. The only person entitled to object was Scott, who had succeeded to the state's title. If Scott believed that section 36, to which admittedly he had title, was not identical with plot 57 as determined and declared by the resurvey, unquestionably he would have been entitled to urge this contention in the proper forum. Whatever may be the fact as to the identity of locations of section 36 and plot 57, the situation presented is simply this: By errors and irregularities in the original survey, and by the obliteration of landmarks, it was difficult if not impossible to locate section 36. In this condition of affairs the United States caused a resurvey to be made and, in effect, said to the state and to Scott, the successor of the state, "We tender to you plot 57 as representing section 36." If Scott accepted this, no one of these respondents could be heard to object for the reason indicated, that their rights having been initiated subject to the resurvey they were bound by this act of the United States. Scott accepted this declaration of the United States and the matter was finally adjusted.

We have thus outlined the controversy. All of the asserted errors of the trial court revolve around its refusal to accept as final the declaration of the land department that old section 36 is identical with plot 57 of the new survey. In so doing the trial court fell into grievous error. It is unnecessary here to do more than refer to the case of *Nichols* v. *McCullom,* 169 Cal. 611, [147 Pac. 271], where precisely the same situation was presented, and where it is held that the resurvey absolutely controls.

The judgment appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.

Application for modification of judgment denied.