[L. A. No. 5118.  In Bank.—January 20, 1920.]

In the Matter of the Application of C. A. SCOTT et al., etc.

[1] PUBLIC LANDS—RESURVEY OF LANDS IN IMPERIAL COUNTY—OLD SURVEY SUPERSEDED BY NEW—DECISION ON FORMER APPEAL CONCLUSIVE.—In this action brought under the provisions of the Torrens Land Act for a decree establishing title in petitioners to certain school lands, it is held the decision on the former appeal (172 Cal. 363) that under the act of Congress of July 1, 1902, providing for a resurvey of certain townships now situated in Imperial County, the new survey supersedes the old one, and

regulates the disposition of the public lands within the area affected as to all persons not in the actual occupancy of the land, is conclusive on this appeal.

[2] TORRENS LAND ACT—SCOPE OF PROCEEDING—PLEADINGS—JUDGMENT FOR RECOVERY OF POSSESSION.—In a proceeding for certification of title under the Torrens Land Act, conceding that the purpose of the proceeding is simply the obtaining of conclusive evidence of title which shall be final in the courts, where certain defendants appear and in appropriate pleadings deny the claim of petitioners and allege title in themselves, the court is justified in decreeing that the petitioners are entitled to immediate possession against such defendants, since the proceeding by reason of the issues is in substance and effect one to quiet title to real property.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Conkling & Brown and Phil D. Swing for Appellants.

Haines & Haines for Respondents.

THE COURT.—This case, originally appealed to this court, was transferred to the district court of appeal of the first appellate district, division one, for hearing and determination. Subsequent to decision by that court a hearing was ordered in this court, and the matter has been ordered submitted herein for decision upon the briefs on file.

The opinion of the district court of appeal, prepared by Mr. Justice Kerrigan, was in part as follows:

"This is an action brought under the provisions of the Torrens Land Act, wherein the petitioners seek a decree establishing in themselves title to certain school lands described in the complaint.

"The facts are stated in the decision of a former appeal in this case (*Matter of Application of Scott,* 172 Cal. 363, [156 Pac. 872]). Briefly stated, they are as follows: Petitioners claim to be the owners of school section 36, township 13 south, range 13 east, S. B. M., in Imperial County, according to the original United States survey made in 1856, and as delineated on the map thereof, which was approved March 2, 1857, and which section was located as tract 57 of

the resurvey of the township under the act of Congress of July 1, 1902, c. 1377, 32 Stat. 728.  ι _The petition states that tract 57 of the resurvey is section 36 of the original survey, and that defendants are occupants of a portion thereof.  Defendants admit by their answers that Scott is the grantee of the state of California of section 36, but claim that that section is not identical with tract 57 of the new survey, but that the latter is identical with section 33; and defendants asserted ownership in themselves of tract 57 as being section 33, township 13, under their respective desert land entries.  Judgment went for petitioners.

"Every material argument here advanced by appellants was presented by them on the former appeal, and those necessary for a decision were decided adversely to their contention in that case, and the material questions here presented were there finally adjudicated and disposed of.  In substance it was there held that under the act of Congress of July 1, 1902, providing for a resurvey of certain townships now situated in Imperial County, to cure the obliterations of the monuments of the original survey, the new survey supersedes the old one, and regulates the disposition of the public lands within the area affected as to all persons not in the actual occupancy of the land; and school sections which had passed to the state of California upon the approval of the old survey are governed, in respect of their boundaries, by the resurvey, which absolutely controls.  (*In re Application of Scott,* 172 Cal. 363, [156 Pac. 872].)

"The pleadings and evidence presented on this appeal are identical with those presented on the former appeal.  There has been a determination that section 36 is identical with plat 57 of the new survey.  [1]  The material questions here involved have not only been settled by prior decisions of the supreme court (see *Nichols* v. *McCullom,* 169 Cal. 611, [147 Pac. 271]; *Miller* v. *Marchus,* 171 Cal. 257, [152 Pac. 730]), but have been decided adversely to appellants' contentions in this very case (*Matter of Application of Scott,* 172 Cal. 363, [156 Pac. 872])."

We are entirely in accord with this and accept the same as a part of the opinion of this court.

The judgment of the superior court not only decreed petitioner C. A. Scott to be the owner of the land involved in

fee simple, as the community property of himself and his wife, petitioner Jennie E. Scott, subject to unpaid taxes and certain public highways, but it further adjudged petitioners entitled to the immediate possession against specified defendants who had appeared and contested their claim of ownership, setting up claims of ownership and interest in themselves. It was claimed by them on this appeal that this portion of the judgment was improper in a judgment given in a proceeding under the so-called "Torrens Land Act," and should be stricken therefrom. The theory of the appellants is that the entire scope of the act, which is entitled, "An act for the certification of land titles and the simplification of the transfer of real estate" (Stats. 1897, p. 138), is indicated by its title, and that the purpose of the special proceeding provided by the act was simply the obtaining of conclusive evidence of title which shall be final in the courts. An examination of the act suggests that there is some force in the claim of appellants in this regard. But we think the contention of appellants in this behalf may be conceded without affecting the judgment given by the trial court. As already noted, the appellants appeared in the lower court and, in appropriate pleadings, denied the claim of ownership made by petitioners and alleged title in themselves. The issues in that behalf made by the pleadings were fully tried and determined against their contention. **[2]** Under these circumstances what was said by this court in *Faxon* v. *All Persons,* 166 Cal. 707, on pages 711 and 712, [L. R. A. 1916B, 1209, 137 Pac. 919, 921], fully answers appellants' claim. As there, so here, "as between these parties, by reason of the issues made by the pleadings, the proceeding was in substance and effect one to quiet title to real property," presented by the parties in controversy to the court having jurisdiction of such action, and determined by that court. As shown in the opinion in that case, it is immaterial in this connection that the proceeding was entitled as a proceeding under the Torrens Act, or that notice of the hearing was given in the manner required by that act. And inasmuch as between these parties, by reason of the issues made by the pleadings, the proceeding was in substance and effect one to quiet title, the court below was warranted in decreeing that petitioners (who were out of possession) recover possession of the property and have a writ of possession therefor. The

judgment of the superior court should be affirmed in all respects.

In concluding, we feel that we cannot refrain from saying that we deeply regret that counsel for petitioners have seen fit in their petition for modification of the judgment of the district court of appeal to indulge in certain disparaging remarks relative to the opinion and conclusion of that court that are entirely unwarranted. Coming as they do from counsel who have justly attained and hold high and honorable position at the bar, they are all the more to be regretted, and we can only account for them upon the theory that learned counsel have been unwittingly carried beyond the legitimate line of fair criticism by their zeal for their clients' cause and their deep-seated belief in the justice of that cause. There was nothing in the opinion of the district court of appeal that in the slightest degree merited anything other than respectful treatment by counsel in their petition. Looking solely to the provisions of the Torrens Act, on which alone counsel seemed to rely in their brief, the question discussed by the court was by no means as easy of solution as they evidently believed, and the case of *Faxon* v. *All Persons, supra,* does not appear to have been brought by counsel to the attention of that court, or, indeed, to our attention. In any event, there is never element of either justification or profit to counsel in indulging in disparaging remarks or ridicule relative to a court opinion which they are seeking to have reviewed.

The judgment is affirmed.

Angellotti, C. J., Shaw, J., Olney, J., Wilbur, J., Lennon, J., and Lawlor, J., concurred.