THE LAKE CHILDS COMPANY, *Plaintiff in Error,* vs. EUGENE W. KELSEY, *Defendant in Error.*

137 So. 690.

Division A.

Opinion filed November 18, 1931.

Petition for rehearing denied January 8, 1932.

*Treadwell & Treadwell, E. P. L'Engle* and *J. W. Shands,* for Plaintiff in Error;

*W. D. Bell,* for Defendant in Error.

BUFORD, C.J.—This was an ejectment suit brought by the plaintiff in error against the defendant in error to recover about nine (9) acres of land.

The defendant made homestead entry of lands in the Southeast Quarter of section 17, Township 37 South, Range 30 East. The plaintiff's predecessor in title made homestead entry in the Southeastern Quarter of that section and received a patent from the Government. The defendant had made final proof but had never received a patent. Both entries were made under what was known as the Childs Survey, the defendant making his entry in 1913. Westervelt received patent for his entry in 1915 and conveyed to plaintiff in 1920.

Amongst other things, after this case had once been to the Supreme Court (See Kelsey vs. Lake Childs Co., 93 Fla. 743, 112 Sou. 887,) the defendant filed an equitable plea as follows:

"Comes now the defendant and for a defense on equitable grounds says: That he entered the lands of which he is now in possession in good faith as a homestead entryman in the year 1913 and that the same was at that time a part of the public domain of the United States of America, and that he entered said lands with the intent to acquire title thereto when he had complied with the requirements of law relating to homestead entry, and that in the year 1920 he made his final proof and received his final certificate; and that at the time of his entry and the final certificate . . . . . such lands,

according to the surveys under which such entry was made and final certificate received, were no portion of the lands described in the plaintiff's declaration, but that plaintiff is claiming said lands by virtue of a survey made since the entry of said lands by the defendant and his final proof as a homesteader thereon.''

The only question necessary to be determined now is whether or not the lands involved here constitute a part of the tract which was entered by Kelsey according to the Childs survey or as a part of the tract entered by Westervelt under the Childs survey. Survey of this Township was begun in 1857 by Deputy Surveyor Jackson. In 1870 Deputy Surveyor Childs undertook to complete the work begun by Jackson. He began by adopting Jackson's work and monuments on the South and East lines of the Township. He purported to complete the work by establishing the Northern line and the uniform Eastern line of the Township and by dividing the West Four (4) miles of the Township into twenty-four (24) uniform sections, each being one (1) mile square and containing approximately each Six Hundred Forty (640) acres.

After both entries above referred to had been made the Commissioner of the General Land Office caused what was called a retracement and re-establishment of the Childs lines to be made. It appears, however, from the record that there was no retracement in this survey of the lines shown by the field notes of the Childs survey in sub-dividing Township 37 South, Range 30 East. In fact, it appears that the surveyor who made this latter survey, commencing February 3rd, 1917, and completed April 20th, 1917, found no evidence of the Childs survey subdividing the township and instead of retracing lines and re-establishing the section corners this surveyor made an independent survey of the Township so far as its sub-division was concerned, preparing entirely new and different field-notes from those filed by Childs. This is known as the Kimmell survey. The record shows that other surveyors testified

that they had run the section lines involved in this suit according to the Childs survey starting from the nearest known corner and that in this manner they located the Northeast corner of Section 17 as established by Childs. Whether this evidence was true or not was a jury question.

The record also shows that the jury went on the ground with surveyors who testified that the Northeast corner of section 17 was located in accordance with the field-notes of the Childs survey and that evidence of the calls and witnesses of the Childs survey as to this corner were found. According to the Childs survey the lands in dispute were in the SE¼ of section 17. According to the Kimmell survey they were in the SW¼ of that section.

It is settled beyond question that rights which have been acquired under government survey cannot be affected or interfered with by a subsequent survey; but until some rights to a specific tract of land have been acquired under a survey, a corrected survey can be made and substituted therefor. Kelsey vs. Lake Childs Co. 112 Sou. 887, 32 Cyc. 805; In re Scott, 172 Cal. 363, 156 P. 872; Cragin v. Powell, 128 U. S. 691, 9 S. Ct. 203, 32 L. Ed. 566; Hickman vs. Jones, 106 Neb. 466, 183 N. W. 980; U. S. v. State Investment Co., 264 U. S. 206, 44 S. Ct. 289, 68 L. Ed. 639.''

Every case of the character before us now must stand on its own facts and it cannot be said that because Kelsey acquired rights under his entry made according to the field-notes of the Childs survey, which right cannot be affected by the subsequent survey made by Kimmell, that the result of this case settled all questions in regard to the land lines in this Township.

We only hold that there was substantial evidence before the jury to show that Kimmell did not retrace lines and re-establish corners originally run and established, respectively, by Childs, but that so far as the sub-division of the Township was concerned he made a new and indepen-

dent survey, while other surveyors did retrace the Childs lines and locate corners which were established by Childs according to his field-notes. The evidence was conflicting, perhaps, but, if so, the jury settled those conflicts and with all the facts before him the trial judge refused to disturb their verdict. We feel that we are not warranted in doing so.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.