## SLACK vs. ORILLION.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE THEREOF PRESIDING.

Where certain lots or tracts of land have been located, surveyed and patented, the surveyor general cannot make a subsequent location of another claim, so as to interfere with, or affect the location of the original survey made by his predecessor, under which the land in dispute was sold and patented.

A special act of congress granting a tract of land, within certain defined and precise boundaries, is equivalent to a patent, and will hold the land against any previous claims not located or fixed by precise boundaries.

This case has already been before the court. See 11 *Louisiana Reports*, 587. The facts material to the cause are there fully stated. It was remanded principally on the ground that the district judge had misdirected the jury in his charge to them.

On the return of the cause, it was tried before the court alone, on nearly the same evidence and facts as on the first trial.

The district judge gave judgment for the defendants, decreeing to them, the three lots or tracts of land, held under patents from the United States; and dismissed the plea in reconvention, in regard to the remainder of the plaintiff's claim. The plaintiff appealed.

*Winchester & Ives*, for the plaintiff and appellant.

*Labauve*, for the defendants.

*Bullard, J.,* delivered the opinion of the court.

This case was before us at February term, 1838, and then remanded for a new trial. The last trial resulted in a judgment in favor of the defendant, from which the plaintiff prosecuted the present appeal. For the principal facts of the case, we refer to the opinion first delivered. 11 *Louisiana Reports,* 587.

EASTERN DIST.
*January,* 1839.

SLACK
*vs.*
ORILLION.

In addition to the evidence before us on the former appeal, the defendants exhibit a plat, certified by the surveyor general, to be " a true sketch from the plat of the original surveys, made of lots on the Bayou Grosse Téte, on file in his office." This document proves that lots No. 26, 27 and 28, as described in the several patents, are contiguous to each other. The patents themselves, refer to an official plat of the survey of said lands, returned to the general land office by the surveyor general. We are to presume, that the sketch now presented, represents truly the survey to which the patent refers, and is the original from which the plat returned to the general land office was taken. In locating the plaintiff's claim therefore, in 1830, the surveyor general overlooked or disregarded the former original and official survey, made by his predecessor, in conformity to which the land claimed by the defendants was sold and patented. It is clear that that location alone cannot affect the title of the patentee.

Where certain lots or tracts of land have been located, surveyed, and patented, the surveyor general cannot make a subsequent location of another claim so as to interfere with or affect the location of the original survey made by his predecessor, under which the land in dispute was sold and patented.

But, it is contended, that the plaintiffs had a previous survey or location, and a confirmation by act of congress, giving them a well defined tract of land, conforming to a survey, made in 1808, and which was filed with their claim ; and that their case must be governed by that of Boatner *vs.* Walker ; in other words, that the confirmation according to that plat, is equivalent to a patent, and being of anterior date, must prevail.

There is nothing in the record to show, that the commissioners recommended a confirmation, with reference to any particular survey ; nor has any act of congress been shown, which confirms it with definite and specific boundaries. In this respect, the case differs materially, from that above mentioned, in which there was shown a special act of congress,

EASTERN DIST. granting a tract of land, within certain and precise bounda-
January, 1839. ries. The survey of 1808, appears never to have been
noticed by the commissioners, nor is any reference made to it
in any act of congress, to which our attention has been
directed; and on comparing that survey with that of 1830,
the courses and distances do not appear to coincide. We are
not, therefore, satisfied, that there had been previously to
1826, the date of the patents, any appropriation of the *locus
in quo*, which was conclusive upon the government, and the
case is strongly analogous to that of *Lefebvre* vs. *Comeau*, 11
*Louisiana Reports*, 321. The patentees have, in our opinion,
the best title to the three lots in question.

The defendants are without interest to contest the
plaintiff's title, any further than as it relates to the land
covered by their patents; and it is consequently superfluous
to inquire, whether in point of fact, the claims of Franchebois
& Reboul were confirmed by the acts of congress, as certi-
fied by the register. Even admitting that they were so
confirmed, the patents of 1826 must prevail.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed with costs.