Bullard, J.
This case was remanded last year, (4 Robinson, 120,)ofor the purpose of ascertaining and establishing the division line between the lands of the parties according to the opinion of this court, or in conformity to certain principles therein recognized as applicable to the case.
That line has been established by the judgment last rendered, to be at one hundred and sixteen links above the lower boundary of the patented lot No. 26, and the representative of- Slack has again appealed. The appellee also complains of the judgment, and prays that it may be reversed in his favor, so as to maintain *158 him in possession, and confirm his title to all the land covered by the patent for lot No. 26.
We are clearly of opinion that Slack, claiming under Reboul or Franchebois, can in no event recover any part of the land included in the patents for lots No. 26, 27', 28. He is bound by the authority of the thing adjudged in the case of Slack v. Orillion, 13 La. 56. We then said, “ the patentees have, in our opinion, the best title to the three lots in question,” and affirmed the judgment of the District Court, which was against the plaintiff (Slack) in regard to the claim set up in his petition against the defendant. This is the opinion expressed when this case was last before us ; but inasmuch as Orillion was not precluded by the same judgment, from setting up title to other lands outside of his patent, the first judgment being against him only as in case of a nonsuit., it did not follow,. in our opinion, that the patent line was necessarily ihe real boundary; for, although Slack could never go above it without disregarding the authority of the thing adjudged, Orillion, under his sale from Erwin, may have acquired land' below the patent line. The confusion has arisen from the circumstance that, until the trial of the present cause, it was not disclosed that both parties claimed under Erwin, by successive sales. It is possible that injustice may have been done ; but it is too late to remedy it. The judgment first rendered in the District Court, and affirmed in this, must have its full effect between the parties, although according to the evidence now before us, the line between them would perhaps run into the patent for No. 26;
The District Court, by establishing as the boundary line between the parties, the Line a few links above the lower boundary of the patent, in effect decreed to Slack a part of the land covered by the patent; and, in doing so, respected, it is true, the possession of the parties, but disregarded the previous decision which declared that Orillion has the best title to the whole land covered by the patent. In this respect there is, in our opinion, error to the. prejudice of the appellee, and the patent line itself ought to be established as the boundary.
It is, therefore, ordered and decreed, that the judgment of the District Court so far as it establishes the boundary line be revers *159 ed, and that in lieu thereof, the line beginning at the bayou Grosse Tete, at the Point B, as shown on the plat of survey No. 2 in the record, and running north, 52 degrees east, be and the same is hereby decreed to be the boundary line between the parties ; that in other respects, except as to costs, the judgment be affirmed; and that the defendant, Slack, pay the costs of both courts.