BAILISS JONES v. SAMUEL SNAPP and others.

EQUITY JURISDICTION. *Injury to Legal title. Remedy in Equity, when.*

1. Where the injury is to the legal, and not to the equitable title, the equitable owner cannot maintain a bill to remove the same, unless the legal owner refuses to unite with him in an action to enforce the legal remedy. (1)

2. SAME. A bill to declare void an outstanding title does not lie on behalf of the equitable owner against the legal owner in possession. (1)

SAME. *Cloud upon title. Nature of.*

3. A bill to remove a cloud upon a title lies only where there is no remedy at law, for want of an act of possession injurious to the complainant for which an action at law would lie, as where a party out of possession holds a colorable title to the property, bad in fact, but which at some future day, when evidence is lost, may embarrass the true owner's right. (1)

LAND LAW. *Grant, void, when.*

4. A grant of land issuing after an anterior grant of the same land, is a nullity.

The case is stated in the opinion of the Court.

TOTTEN, J.:

We have not been able to rest this case upon any satisfactory ground of equity jurisdiction.

The objects of the bill are to declare the title of the defendant W. P. House a void title, and to enjoin him from digging ore upon the premises in dispute.

The land was originally granted in 1811 ; and by several mesne conveyances and covenants to convey, the equitable title was vested in one Brobson, who conveyed to one George House in 1815. In 1826 George House entered the land in the name of his son W. P. House, and in 1836 obtained a grant of the land, and held it from that time, as he had previously done, by digging ore upon it.

In 1840, the defendant George House sold the land to

the complainant, and when the sale was made, the defendant W. P. House stood by and made no objections to the transaction, and set up no claim to the land, though cognizant of all the negotiations as to the sale. Nevertheless the defendant W. P. House has since sold to the defendant Snapp, who is now digging ore upon the land.

The owners of the legal title are made parties defendant by the bill, and the prayer is for general relief alone.

In this case the injury is to the legal, and not to the equitable title. The complainant has only an equity in the lands; but the owner of the legal title may unite with him in an action to enforce the legal remedy, and it must appear that he has refused to do so before a bill of this character can be maintained.

Nor is this a case to remove a cloud upon title. That is in the nature of a bill *quia timet*, and lies only where there is no remedy at law, for want of an act of possession by the other party, injurious to the complainant, for which a suit at law would lie. As, if one being in possession under a good title, another holds a colorable title to his lands, bad in fact, but which may at some future time, when evidence is lost, embarras his right, but does no act for which an action at law would lie, the former may file a bill to remove the cloud upon his title. (1)

The grant to W. P. House issuing in 1836, after the anterior grant of 1811, was a nullity.

(1) *Contra,* Almany v. Hicks, 3 Head, 39, 41. *Bill to remove cloud upon title* will lie, when. Carter v. Taylor, 3 Head. 30, 35; Butler v. Rutledge, 2 Cold. 4, 12; Belcher v. Belcher, 10 Yerg. 121, 132; Willaims v. Talliaferro, 1 Cold, 38. Will not lie, when. Ross v. Young, 5 Sneed 630; Harrison v. Wade, 3 Cold. 505.