# APRIL TERM, 1886.[*]

The Commissioner of Highways of the Township of Thompson v. Arthur Beebe.

[See 55 Mich. 137.]

*Survey—Location of quarter-line.*

In this case the survey made by defendant is held incorrect, as shown by the finding of facts. For reasons see opinion.

Error to Schoolcraft. (Steere, J.) Argued April 6, 1886. Decided April 15, 1886.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*W. F. Riggs*, for appellant.

*Collins & Blackwell*, for defendant.

Morse, J. The commissioner of highways of the township of Thompson brought suit against the defendant, who is county surveyor of Schoolcraft county, to recover damages claimed to have been sustained by the township by reason of a defective and incorrect survey by said defendant of a line for a certain highway in said township.

The judgment below, upon a finding of facts by the circuit judge, was for the defendant.

The only error assigned is that the finding of facts does not support the judgment.

The cause was tried and submitted near the close of the term, and during vacation the circuit judge filed an opinion

---

and decision, which has been treated in the record as a finding of facts, and directed the clerk under the statute to enter judgment for defendant, which was done. (How. Stat. § 6490.)

It was necessary for the plaintiff, as a substantial part of his case, to establish that the survey of the defendant was incorrect.

The circuit judge found that the line desired, and which the defendant was employed to establish, was the quarter-line running east and west through section 31, township 41 N., range 16 W., and thence due west to about the center of section 36, township 41 N., of range 17 W.

" That after some two hundred dollars had been expended on the line as established by defendant's survey, it was discovered that said line ran eleven or twelve rods north of a certain quarter-post found standing on the north and south township line between section 31, town 41 north, range 16 west, and section 36, town 41 north, of range 17 west.

Thereupon the township officers, assisted by others, re-established the line of the highway, running it with pocket compasses from said quarter-post, and proceeded to open the highway along said new line, abandoning the survey of defendant.

None of plaintiff's witnesses are professional surveyors. They re-established the line with pocket compasses, and they base their testimony as to the incorrectness of defendant's survey upon the fact that his line ran some ten or twelve rods north of the said quarter-post.

Defendant was a professional surveyor, used approved surveyors' instruments, and, measuring a check line from the north side of the section, found his line substantially correct. The bearing trees for the quarter-post in question are on west side of line, and there are no bearing trees on the east side of the line.

The field-notes of the original survey of those townships show that the only survey on the west line of section thirty-one, township forty-one north, range sixteen west, is the east line of section thirty-six, township forty-one north, range seventeen west, and the quarter-post in question is the quarter-post on east side of section thirty-six, which would not necessarily or probably correspond with the quarter-post on the west side of section thirty one."

The circuit judge then concludes:

"An examination of the laws and regulations governing the survey of United States lands at once shows that the quarter-post on the east side of section thirty-six would not tend to establish either errors or accuracy of lines in section thirty-one under consideration. Plaintiff's claim being based on such a state of facts, the incorrectness of defendant's survey cannot be considered established by a preponderance of evidence."

It appears very clearly from the above finding that the line, as surveyed by the defendant, came out on the township line between sections 31 and 36 some ten or twelve rods north of the quarter-post found standing on the township line, which is also the dividing line between these two sections; and that there was no survey ever made of the west line of section 31 except the survey of the east line of 36, which was, in fact, as appears from the field-notes, a survey of the township line, and as much a survey of the west line of 31 as it was of the east line of 36. Consequently the quarter-post on the east line of 36 was necessarily the quarter-post on the west side of 31; and the quarter-line, which should have been followed by the survey of the defendant, is established by a line drawn from the quarter-post on the east line of section 31 to this quarter-post on the township line between sections 31 and 36. Therefore the line surveyed by defendant was an incorrect one.

The circuit judge erred in his conclusion of law that the quarter-post on the east side of section 36 would not necessarily correspond with the quarter-post on the west side of section 31. In fact and in law the quarter-post is identical and the same for both sections, it being a township line.

The finding of facts does not support the judgment entered in the court below, nor is it sufficient as to the amount of damages suffered by the township for us to determine what the plaintiff is entitled to recover.

The judgment below will be, therefore, reversed, and a new trial ordered, with costs of this Court to plaintiff.

The other Justices concurred.