[Civ. No. 3437. Second Appellate District, Division One.—February 17, 1921.]

## S. L. SCHWARTZ, Appellant, v. WM. H. C. DIBBLEE et al., Respondents.

[1] PUBLIC LANDS—SEVERAL SURVEYS—RIGHT OF GOVERNMENT. — The government may, before patent, make as many surveys of a tract of public land as the land department desires, and the last accepted survey controls.

[2] ID. — CONFLICTING SURVEYS — ADJOINING TOWNSHIPS — BOUNDARY LINE.—A government survey made as a survey of lands in one township is the "final plat of the survey of the land returned to the general land office by the surveyor-general" within the meaning of such phrase as used in a patent, as against a subsequent survey, made before the issuance of the patent, of lands in an immediately adjoining township, and the line between the two townships must be taken as that fixed by the first survey, although erroneously established.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. Gavin W. Craig, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

A. H. Ricketts for Appellant.

C. P. Kaetzel for Respondents.

CONREY, P. J.—Appellant brought this action to recover possession and the issues and profits of lot 14, in section 33, township 29 south, range 12 east, M. D. M., in San Luis Obispo County, alleged to have been unlawfully withheld by the defendants. Judgment was entered in favor of the defendants, and plaintiff appeals therefrom.

Appellant is the owner of an undivided three-quarters and defendant Arata is the owner of an undivided one-quarter of the land described in the complaint. They became such owners through mesne conveyances from an owner to whom the land was patented by the United States government by patent of date September 28, 1904. The patent conveyed the land "according to the final plat of the survey of the said land returned to the general land office by the surveyor-general." Respondents are in possession of a chrome mining property called "The London Mine," from which they are alleged to have taken a large amount of valuable ore. If that mine is located on said lot 14, plaintiff has established a cause of action. If, as claimed by respondents, the mine is located south of lot 14, the judgment should be affirmed. While township 29 was government land, several surveys of the township or parts of it were made, the last of which was that made by J. R. Glover, unless, as claimed by appellant, the Glover survey was superseded by a later survey of government land made by one Bardwell, which survey was approved and filed in the general land office in 1889. The Glover survey was approved and filed in 1880. The judgment herein rests upon the Glover survey, which was received in evidence over the appellant's objections, based upon his contention that it had been superseded by the Bardwell survey. [1] It is conceded to be the law that, before patent, the government may make as many surveys of a tract of public land as the land department desires, and that the last accepted survey will control. The question here to be determined is whether or not the Bardwell survey is the last accepted survey of the land in question prior to the date of the patent. The record shows that the Glover survey was made as a survey of lands *in township 29*, whereas the Bardwell survey purports and was

intended to be a survey of lands *in township 30,* which lies immediately south of township 29. Bardwell assumed, in accordance with the correct theory and practice, that the north line of sections 1 to 6 in township 30, being the north line of the same township, should coincide with the south line of township 29. The notes of his survey show that in his search for the previously established monuments of surveys he discovered that Glover had erroneously dropped a tally of ten chains in his survey. Concluding, therefore, that this error should be corrected in his own survey, he established the north line of township 30 some distance south of the south line of township 29, as shown on the Glover survey. If the acceptance of the Bardwell survey thus made had the effect to move township 29 and the subdivisions therein south so as to coincide with the north line of township 30 as established by Bardwell, it will result that the mining property in question is located on plaintiff's land. If that result does not follow, then the defendants have not infringed upon the plaintiff's property.

We must revert to the language of the patent which conveyed to the patentee, through whom plaintiff's title is derived (besides other property), lot 14, of section 33, in township 29 south, etc., "according to the final plat of the survey of the said land returned to the general land office by the surveyor-general." Both parties to this appeal have referred to *Kimball* v. *McKee,* 149 Cal. 435, [86 Pac. 1089], as the leading case bearing upon the question at issue. The supreme court there said: "We also take judicial notice that under the laws of the United States and the regulations of the land office no sales of public lands are made until the plat and field-notes of the subdivisional survey of the township in which they lie have been returned and approved, and that the patents issued to purchasers describe the lands patented as they are delineated on the approved plat—which remains a public record in the office of the surveyor-general, and copies of which, officially certified, are deposited in the local land office." We do not understand that the particular question upon which the present decision must turn was decided in that case, and we doubt whether any case cited by counsel does decide this question. Perhaps the nearest expression of opinion applicable to the case in point is that found in *Commissioner*

*etc.* v. *Beebe,* 61 Mich. 1, [27 N. W. 713], where the court was discussing a question relating to the line between section 31 of one township and section 36 of the adjoining township, and no survey had been made except the east line of section 36. This survey the court said was in fact "as much a survey of the west line of 31 as it was of the east line of 36." While that might well have been assumed to be true and in accordance with the government theory of surveying in a case where only one survey had been made, it does not touch a situation arising out of conflicting surveys as here presented. **[2]** We have reached the conclusion that since the Bardwell survey did not purport to be a survey of any lands in township 29, and since the accepted Glover survey was a survey, and a subdivisional survey, of lands in township 29, that the "final plat of the survey of the said land" referred to in said patent was the Glover survey, which was the last accepted survey of that land.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1921.

All the Justices concurred.