(April 28, 1926.)

FRANK L. WING, Respondent, v. JOHN J. WALLACE and IDA M. WALLACE, Appellants.

[246 Pac. 8.]

BOUNDARIES—CONFLICTING SURVEYS—PURPOSE OF RESURVEY—RELATION OF PATENT TO DATE OF ENTRY—DETERMINATION OF SURVEY TO BE USED IN ASCERTAINING BOUNDARIES—QUIETING TITLE.

1. Purpose of resurvey subsequent to taking title by purchasers or settlers is to ascertain lines of original survey, regardless of correctness of such survey, and corrective survey will not affect rights previously acquired.

2. Patent when issued relates back to date of entry under Act Cong. June 21, 1866, sec. 2, as amended by Act Cong. June 6, 1912 (U. S. Comp. Stats., sec. 4532), and date of entry controls in determining survey to be used in ascertaining boundaries.

3. Where record in action to recover possession of real property was silent as to date of entry of defendant, as to which of two surveys should be used in determining boundaries, court properly

Argument for Appellants.

refused to quiet title in defendants, since recovery must be had on strength of own title.

4. Where plaintiff in action to recover possession of property did not show when entry was made on land, on which his patent issued, and it would have been possible, according to date of patent, for him to have made entry under either one of two different surveys, quieting title in plaintiff was error, since last accepted survey before patent under which title is given controls.

Publisher's Note. -
1. See 22 R. C. L. 282.
2. See 22 R. C. L. 274.

See Public Lands, 32 Cyc., p. 805, n. 40; p. 806, n. 44 New; p. 1029, n. 99, p. 1037, n. 86.
Quieting Title, 32 Cyc., p. 1369, n. 1.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action to recover possession of real property.   Judgment for respondent.   *Affirmed in part and reversed in part.*

Rice & Bicknell, for Appellants.

Before patent, the government may make as many surveys of public lands as the Land Department desires, and the last accepted survey will control.   The patentees take title under said last survey.   (*Schwartz v. Dibblee,* 51 Cal. App. 451, 197 Pac. 125; *Spawr v. Johnson,* 49 Kan. 788, 31 Pac. 664.)

On a resurvey after patent, the question of the correctness of the original survey cannot enter into the matter at all, and is a matter that does not concern the surveyor and is not a question to be ascertained by him.   (*Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066; *Richardson v. Bohney,* 19 Ida. 369, 114 Pac. 42.)

Upon a resurvey the question is not where an entirely accurate survey would locate the lines but where did the original survey locate such lines.   (*Diehl v. Zanger,* 39 Mich. 601; *Stuart v. Carleton,* 31 Mich. 270.)

Stone & Jackson, for Respondent.

Wherever the corners were placed by the original government survey that must govern as the boundary line, no matter whether accurate or not, and cannot be altered or controlled by subsequent surveys. (*Washington Rock Co. v. Young,* 29 Utah, 108, 110 Am. St. 666, 80 Pac. 382; *Ferry v. Fowler,* 37 Utah, 34, 106 Pac. 506; *Hess v. Meyer,* 73 Mich. 259, 41 N. W. 422.)

Where an entry of public land is made in the land office on the faith of an original government survey, the patent when issued relates back for all purposes to the date of the entry and is based on such original survey. (*Taylor v. Brown,* 5 Cranch, 234, 3 U. S. (L. ed.) 88; *Stark v. Starrs,* 6 Wall. 402, 18 U. S. (L. ed.) 925; *Northern Pac. R. Co. v. Townsend,* 84 Minn. 152, 87 Am. St. 342, 86 N. W. 1007; *Faull v. Cooke,* 19 Or. 445, 26 Pac. 662; *Washington Rock Co. v. Young,* 29 Utah, 108, 110 Am. St. 666, 80 Pac. 382; *City of Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693.)

GIVENS, J.—Frank L. Wing, respondent, and John J. Wallace and Ida M. Wallace, appellants, are the owners of adjoining pieces of land located in section 17. Respondent brought this action to obtain possession of a strip of land lying between his land and that of appellants which he claims to be a part of his land and of which appellants are in possession and claim as a part of their land and ask that title be quieted in them.

The first survey of the section in which the lands in controversy are situated was made by one Thompson for the United States government in 1877. In 1912 a resurvey of this section was made by Walter Ward at the direction of the United States, this being the last survey made before patents were issued to the lands involved in this action. The patent to appellants' land was issued July 1, 1914, and to the land of respondent June 22, 1918. By the survey of Ward in 1912 the strip of land in dispute was located within appellants' land. A third survey or second resurvey, was made in 1919 for the United States by Gordon C. Smith,

and respondent claims that by the field-notes of this survey the strip of land in question lies within his land. This survey did not coincide altogether with that of Ward but did with that of Thompson. The action was tried to the court without a jury and judgment was entered in favor of respondent, from which judgment this appeal is taken.

[1] Appellants contend that the government may make as many surveys of public lands as the Land Department desires and the last accepted survey before patent is the one under which the patentees take title and a resurvey after patent will not affect the patentees' rights. Respondent, on the other hand, contends that if the boundary lines of the first survey can be retraced they are controlling, and urges that the surveys made by Ward in 1912 and Gordon C. Smith in 1919 were made for the purpose of retracing and ascertaining the original boundary lines as fixed by the first survey in 1877. This court has held that the purpose of a resurvey subsequent to taking title by purchasers or settlers is to ascertain the lines of the original survey and the original boundaries and. monuments as established and laid out by the surveyor under which the parties took title (*Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066; *Richardson v. Bohney,* 19 Ida. 369, 114 Pac. 42), regardless of the correctness of such survey, and a corrective survey will not affect rights previously acquired. (*United States v. State Investment Co.,* 264 U. S. 206, 44 Sup. Ct. 289, 68 L. ed. 639; *State of New Mexico v. State of Colorado,* 267 U. S. 30, 45 Sup. Ct. 202, 69 L. ed. 499; *Cragin v. Powell,* 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566; *Schwartz v. Dibblee,* 51 Cal. App. 451, 197 Pac. 125; *Spawr v. Johnson,* 49 Kan. 788, 31 Pac. 664.)

[2] The question then is: Under which survey before patent in 1914 did the patentee take—that of Thompson in 1877 or that of Ward in 1912? The patent issued to Charles B. Crim under which appellants deraign title recites that the patentee is entitled to a patent for: "the farm Unit 'D' according to the Farm Unit Plat or the Lot three of section seventeen in Township three north of Range four west of

the Boise Meridian, Idaho, containing forty-one acres, According to the Official Plat of the Survey of the said Land, on file in the General Land Office.''

This patent was issued July 6, 1914. Under the homestead entry law, Act of June 21, 1866, chap. 127, 14 Stat. L. 67, patent would not be issued until five years from the date of entry. This act was amended June 6, 1912, to read, ''No certificate, however, shall be given or patent issued therefor until the expiration of three years from the date of such entry; . . . . '' (Act of June 6, 1912, 37 Stat. L. 123.)

[3] Whether an act for the protection of homestead settlers who entered the military or naval service of the United States in time of war, Act of June 16, 1898, chap. 458, 30 Stat. L. 473, would have any effect upon the time when the application for entry was made as compared with the date of the issuance of the patent is of no assistance to appellants because there was no showing or contention that appellants' predecessor in interest came within the terms of that statute. The field-notes and plat of the Ward survey show they were made in February, 1912, and were accepted by the General Land Office March 5, 1913. From the plat of the survey made by Thompson in 1877 it appears that section 17 was subdivided and lots 3 and 4 made to appear, and this is further shown from the plat of the Ward survey, which sets out a copy of the Thompson plat showing the subdivision of section 17 and lots 3 and 4. The patent when issued relates back to the date of entry, and the date of entry thus controls (*Washington Rock Co. v. Young,* 29 Utah, 108, 110 Am. St. 666, 80 Pac. 382; *Slack v. Orillion,* 13 La. 56, 33 Am. Dec. 551; *Pittsmont Copper Co. v. Vanina,* 71 Mont. 44, 227 Pac. 46). As said in *Barringer v. Davis,* 141 Iowa, 419, 120 N. W. 65: ''Upon the fulfilment by the company of the provisions of the grant it became entitled to receive patent therefor from the trustee, and said title, when received, related back to the grant.'' (*Elliot v. Nelson,* 113 Tex. 62, 251 S. W. 501.) The record is silent as to the date of entry, therefore the court did not err in refusing to

Opinion of the Court—Givens, J.

quiet title in appellants, since in this state a party must recover upon the strength of his own title (*Washington State Sugar Co. v. Goodrich*, 27 Ida. 26, 147 Pac. 1073), and not having shown under which survey their entry came the court was without a basis upon which to act.

As shown by the testimony both the Ward and the Gordon C. Smith surveys were made by the government for the purpose of retracing the original survey, and it is clearly established that the strip of land in controversy under the Thompson survey and retraced by the Smith survey was a part of lot 4. There was not sufficient evidence to show that appellants had gained a prescriptive right to the disputed strip by adverse possession.

[4] The disputed strip was a part of lot 4 at the time appellant's entry was initiated and perfected; thus appellants acquired no title to the disputed strip. Respondent received patent to his land June 22, 1918, but there is nothing to show when entry was made upon the land and upon which this patent was issued. The rule that the last accepted survey before patent under which title is given controls applies equally as well to respondent as appellants. Thus if entry was made before March 5, 1913, respondent would take title under the Thompson survey; if made after March 5, 1913, he would take title under the Ward survey, and since under that survey the strip in dispute was not a part of lot 4, respondent would not be entitled to a decree quieting title thereto. On the record the court therefore erred in quieting title in respondent to the disputed strip.

The case is therefore reversed and remanded, with instructions for further proceedings to determine the date of entry and enter judgment accordingly. Each party to pay their own costs.

Wm. E. Lee and Budge, JJ., concur.