[Civ. No. 7518.   Third Dist.   Feb. 1, 1949.]

C. E. LARSON, Appellant, v. RALPH LARSON et al.,
Respondents.

Spurr & Brunner and Roscoe E. Jordan for Appellant.

Preston & Falk and Harry W. Falk for Respondents.

PEEK, J.—By his first cause of action plaintiff sought to quiet title to certain lands located in Mendocino County, and by his second cause sought to enjoin the maintenance of a certain fence alleged to have been erected by defendants and to require the removal thereof. Defendants' answer admitted plaintiff's ownership of the lands described in the complaint but denied the trespass or that the fence was upon plaintiff's land. In addition defendants alleged they had erected the fence along an agreed boundary line with the full knowledge and acquiescence of plaintiff. The case proceeded to trial on the issues so raised. At the conclusion thereof, but prior to the adoption of findings, plaintiff's motion to reopen the case to present additional evidence was denied. Thereafter the court found that plaintiff was the owner of the lands described in said complaint, that defendants did not erect the fence upon plaintiff's land and that the allegations of the answer in regard to the boundary line were true. Judgment was entered quieting the plaintiff's title to said lands described but denying any further relief and their motion for a new trial.

The record, without conflict, discloses that Township 20 North, Range 14 West, in which the property is situated, is divided from Township 20 North, Range 13 West by the boundary line in dispute and was first surveyed in 1877 under a government contract by one Woods, a surveyor. In 1881, or four years after the Woods survey, Township 20 North, Range 13 West, was surveyed, also under a government contract, by one Gorham, which survey showed the line separating Range 13 from Range 14 to be some 600 feet south of the original line as established by the Woods survey. The field notes of each survey and the plats prepared therefrom were accepted by the government. In 1914, plaintiff, by patent from the federal government, acquired title to the said lands "According to the official plat of the survey of the said lands, returned to the general land office by the Surveyor General." The present dispute between plaintiff and defendants appears to arise primarily from the conflicting lines as established by the two separate surveys.

Although plaintiff specifies three grounds of alleged error his brief actually poses but two questions: (1) The true location of the boundary line between said Range 13 and Range 14, and (2) the location of an alleged agreed boundary line between the respective parties.

Appellant concedes that said fence was erected upon the boundary line as established by the Woods survey but con-

tends that the line shown by the Gorham survey must prevail, arguing that as the government may make as many surveys as it desires, the last official survey before patent governs. Appellant further concedes that this rule is applicable only where such surveys pertain to the same land, but contends that since the eastern exterior boundary line of Township 20 North, Range 13 West is the same as the western exterior boundary line of Range 14 West, the Gorham survey controls.

It is true, as plaintiff states, that the government may make as many surveys of a tract of public land as may be desired and that the last accepted will prevail (*Phelps* v. *Pacific G. & E. Co.*, 84 Cal.App.2d 243 [190 P.2d 209]), but this rule is subject to the qualification that such is the case only so long as the lands are unpatented or unconveyed or otherwise have not passed into private ownership. (*Churchill Co.* v. *Beal*, 99 Cal.App. 482 [278 P. 894].)

It is the well established rule that where as in the present case " '. . . lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, and descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written upon the face of the deed or the grant itself.' (*Cragin* v. *Powell*, 128 U.S. 691, 696 [9 S.Ct. 203, 32 L.Ed. 566, 567].) " (*Phelps* v. *Pacific G. & E. Co., supra*), and this is true even though it be accepted that the Woods survey was incorrect (*Weaver* v. *Howatt*, 171 Cal. 302, 306 [152 P. 925]).

Paraphrasing the opinion of the court in the very similar case of *Schwartz* v. *Dibblee*, 51 Cal.App. 451, 452 [197 P. 125], since the Gorham survey does not purport to be either an original or a resurvey of the plaintiff's lands which are situated wholly within Township 20 North, Range 14 West, and since the Woods survey was accepted by the government and incorporated in its patent to plaintiff, the Woods survey therefore becomes the final accepted survey and must prevail.

Appellant lastly contends that the parties agreed upon a boundary line other than that established by the Woods survey. In view of the conflicting evidence revealed by the record this contention is without merit, therefore the conclusion of the trial court in this regard may not be disturbed on appeal.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 3, 1949.