367 P.2d 576

Theodore NUTTERVILLE, Plaintiff-Respondent,

v.

Maurice W. McLAM, Defendant-Appellant.

No. 8954.

Supreme Court of Idaho.

Dec. 27, 1961.

Tom Felton, Philip Peterson, Moscow, for appellant.

J. Henry Felton, Lewiston, for respondent.

**McFADDEN, Justice.**

This action was instituted by respondent Nutterville against appellant McLam, to resolve a boundary dispute between them, involving ownership of 9 and 5/12 feet claimed by both parties as a part of their property. The parties are adjoining property owners in Block 6 of Misses (sic) A. A. Lieuallen's Addition to the City of Moscow, (referred to herein as the Lieuallen Addition), Nut-

terville owning Lots 13, 14 and 16 (Lot 15 not being designated on the plat), and Mc-Lam owning the property immediately to the north, Lots 9, 10, 11 and 12 of the same block. Lots 12 and 13 are adjoining lots, and the controversy is whether the 9 and 5/12 feet are a part of Lot 12 owned by Mc-Lam or part of Lot 13 owned by Nutterville.

McLam started to build a garage on his property, extending over the 9 and 5/12 feet in controversy. He commenced excavation in 1956. Construction of the garage started in 1957, and was completed sometime prior to 1958. In the year 1958, a city employee, who was running the sidewalk lines, indicated that the boundary between these lots was some feet north of the southerly edge of the garage. Later Nutterville obtained the services of Mr. Junk, a licensed engineer, to arrive at the correct location of the common boundary of the properties. Mr. Junk established the location of the boundary as being some 9 and 5/12 feet north of the south edge of the garage building.

The action, tried before the court without a jury, resulted in a judgment and decree in favor of Nutterville, it being held that the 9 and 5/12 feet in question was a part of Lot 13 owned by him. The decree denied his prayer for damages and restrained Mc-Lam from continuing the trespass by his garage, giving McLam thirty days to remove the garage building from the disputed

property. The court, in its findings of fact, found against McLam on his defense and cross claim that the lines between Lots 12 and 13 were established by the agreement or acquiescence of the adjoining property owners, and that lines as laid out on the property dividing the property of the parties had existed for many years, and were accepted by the owners for more than five years.

On appeal, McLam assigns some seven errors committed by the trial court. His first assignment is directed to the trial court's entry of the decree in favor of respondent. This assignment is general in nature and is disposed of by the ultimate decision of this appeal.

Assignments of error II and V are directed to the admission in evidence of the testimony of Mr. Junk, the engineer called as a witness by respondent, and of this witness's plat of the premises, as well as to the finding of the trial court based on this evidence. Appellant contends that I.C. § 31–2709 prohibited the admission in evidence of this testimony.

Mr. Junk testified that he had been requested by Nutterville to locate Lots 13, 14 and 16 in Block 6 of the Addition, and that he had checked the courthouse records of the Lieuallen Addition, later talking with the city engineer about methods and procedures of surveying this area. Mr. Junk accepted the suggestion of the city engineer that the center line of "A" street be used as the starting point of the survey. From that starting point he located "C" street (northerly from "A" street) and then continued until he located the lots in question and the boundary between Lots 13 and 14. During the course of running this line to the lots in question, he checked with other property lines along the street that seemed to correspond to the lots platted in that area. On cross examination he frankly admitted that he did not start from any monument of the plat of Lieuallen Addition, and that he had made no effort to run out the original lines of the plat itself.

Mr. Stokes, the assistant city engineer, testified that he had established the sidewalk lines prior to the time of the Junk survey, and that he likewise had used the center of "A" street as the point of beginning, agreeing with Mr. Junk as to the line for the center of "C" street. Mr. Stokes also made no effort to establish any of the original monuments of the addition. He stated that the result could have been different had the lines been run from the north, depending on the starting point used to the north. The copy of the original plat of the addition does not indicate its starting point.

The descriptions of both appellant's and respondent's properties are by the lot numbers designated on the plat of the addition, as authorized by I.C. § 50–2501. The trial court had to determine the location of the

lines of the original plat as they are actually situate on the ground, or as located on the ground by the original survey of the plat. The record here reveals only the survey of the witness Junk as giving any concrete information as to the location of the line common to the parties' property, and this was the basis used by the court in entering its decree.

■ I.C. § 31–2709 provides:

"No survey or resurveys hereafter made by the county surveyor or other surveyor, shall be considered legal evidence in any court within the state, except such surveys as are made in accordance with the United States manual of surveying instructions, the circular restoration of lost or obliterated corners and subdivisions of sections, issued by the general land office, or by the authority of the United States, the state of Idaho, or by mutual consent of the parties."

This section is applicable here. Case v. Ericson, 44 Idaho 686, 258 P. 536; Craven v. Lesh, 22 Idaho 463, 126 P. 774; Cramer v. Driesbach, 77 Idaho 75, 287 P.2d 981. The admission of the testimony of witness Junk and the plat prepared by him was improper without a foundation first being laid that he was *actually* ascertaining the original lines of the original plat, or without a prior determination that the monuments of the original plat of the Lieuallen Addition had been lost and could not be re-established.

"There is no evidence that either the Lewis or later surveys were correct, or that there was any attempt to ascertain where the original lines were, or monuments placed. The purpose of a resurvey is to ascertain the lines of the original survey and the original boundaries and monuments as established and laid out by the survey under which the parties took title. Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; Wing v. Wallace, 42 Idaho 430, 246 P. 8. Parties cannot be bound by any survey not based upon the survey as originally made and monuments as erected." Day v. Stenger, 47 Idaho 253, 261; 274 P. 112, 115.

While there are indications that monuments of this addition can no longer be established, yet the record is insufficient to justify such an assumption.

"In case of inability to establish the monuments and lines of the original survey, it then becomes necessary to accept evidence of ancient fences and other improvements as evidence of the original boundaries, though in its nature hearsay, upon the theory that the persons originally constructing the im-

provements would naturally have located them with reference to existing monuments." Day v. Stenger, 47 Idaho 253, 262, 274 P. 112, 115.

See also, Case v. Ericson, 44 Idaho 686, 258 P. 536, concerning obliterated corners.

■ Assignment of error VI is directed to the court's refusal to admit certain testimony of Dornalee McLam, the former wife of appellant and initially one of the defendants in the action. The testimony of this witness was taken by deposition, and at the trial, respondent's counsel objected to the reading of a number of the questions from the deposition, mainly on the ground that the questions asked were leading and suggestive, and in certain instances that improper foundation was laid as to conversations to which the examination was directed. The objections sustained by the court are the ground for this assignment. IRCP 32 (c) (1) provides:

"Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

IRCP 32(c) (2) provides:

"Errors and irregularities occurring at the oral examination in the manner of taking the depositions, in the form of the questions or answers, * * * and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition."

The objections of respondent to the testimony offered in the deposition were made for the first time at the trial and were not advanced at the time the deposition was taken. These objections could have been obviated during the course of taking the deposition had they been presented at that time. Thompson v. Thompson, 82 U.S.App. D.C. 325, 164 F.2d 705; 4 Moore's Federal Practices § 32.02, p. 2202; 2A Barron & Holtzoff, Federal Practice and Procedure, § 753, p. 273. The rulings of the trial court in sustaining such objections and in rejecting this testimony were erroneous.

■ The remaining assignments, III, IV and VII, all touch the evidentiary status of the record. Assignment III is directed to the court's failure to find an agreement as to the boundary between the parties; Assignment IV is directed to the court's finding no acquiescence in the building of the garage by respondent; Assignment VII is directed to the court's failure to find that appellant's affirmative defense of laches, established boundary line, and acceptance of an agreed boundary had been established by

42

the evidence. It should be noted that Mc-Lam had the burden of proving the affirmative matters raised by his answer. The court, in the first instance, has the duty of making the determination whether such burden of proof has been sustained. Even though others might conclude that the burden of proof has been sustained, unless the conclusion of the court is unreasonable and the evidence as a whole presents such a perfect pattern and is so overwhelming that no reasonable contrary conclusion could be drawn, such findings of the court must be upheld. Wm. Walker Co. v. Pocatello Monument Co., 71 Idaho 294, 230 P.2d 701.

■ While it appears that the rulings of the trial court adverse to appellant's affirmative defenses and cross-claim are substantially correct, yet where the determination of the case was so dependent on evidence improperly received, the ends of justice will best be served by remanding the case for new trial on all issues presented by the pleadings. See, Richardson v. Bohney, 19 Idaho 369, 114 P. 42.

Judgment and decree reversed and cause remanded for new trial.

Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON, and McQUADE, JJ., concur.