393 P.2d 598

**Theodore NUTTERVILLE, Plaintiff-Appellant,**

**v.**

**Maurice W. McLAM, Defendant-Respondent.**

**No. 9352.**

Supreme Court of Idaho.

June 24, 1964.

J. H. Felton, Lewiston, for appellant.

The law of this case is established by the case of Nutterville v. McLam; 84 Idaho 36, 367 P.2d 576.

Felton & Bielenberg, Moscow, for respondent.

KNUDSON, Chief Justice.

Appellant and respondent are adjoining property owners in Moscow, Idaho. Appellant owns Lot No. 13, which he acquired in 1952, and respondent owns Lot No. 12, which he purchased in 1956, both lots being in Block 6 of Misses A. A. Lieuallen's Addition (hereinafter referred to as Lieuallen Addition). Lot No. 12 bounds Lot No. 13 on the north and both lots front on Almon Street, which bounds them on the east.

This action was originally instituted by appellant to resolve a boundary dispute involving ownership of a strip of ground 9$\frac{5}{12}$ feet in width throughout the length of said

lots which is claimed by both parties as a part of their respective lots, a portion of which is occupied by respondent's garage which was constructed during 1957. The issue involved was, and is, the location of the boundary line between appellant's and respondent's said lots.

The original trial of this case resulted in a judgment in favor of appellant, from which judgment an appeal was taken and as a result of which the judgment of the trial court was reversed and a new trial ordered. Nutterville v. McLam, 84 Idaho 36, 367 P.2d 576. This appeal is taken from the judgment entered in favor of defendant-respondent upon the retrial of this case.

Appellant's first assignment of error is general in nature in that it is contended thereunder that the evidence supports a judgment for appellant instead of in favor of respondent. This contention will be disposed of by the final decision of this appeal.

Under assignment No. 2 it is contended that the court erred in refusing to admit in evidence certain of appellant's offered exhibits and offers of proof based thereon. A proper consideration of this claimed error necessitates a review of the decision of this court in Nutterville v. McLam supra, which, as pointed out by appellant, establishes the law to be followed in this case.

In said decision it was pointed out that the engineer, a Mr. Junk, who was employed to establish the correct location of the common boundary line between the parties involved, and whose survey was the basis used by the trial court in entering its decree, did not commence his survey from any original monument of the Addition, nor did he make an effort to run out the original lines of the plat itself.

In the trial here being reviewed it was established that the original monuments, if any existed, of the plat of the Lieuallen Addition cannot be found. The copy of the original plat introduced in evidence does not disclose that any monuments were established, designated or referred to in the plat, nor does it indicate its starting point. The exhibits (numbered 16 through 20) sought to be introduced are pictures of a rock which were taken by appellant's engineer, Mr. Merrill Conitz, which he believes to be an original monument identified with the survey of Lieuallen's Third Addition, which adjoins the Lieuallen Addition involved herein, on the west. The offer of proof referred to in said assignment is as follows:

"If the Court please, we offer to prove by this witness on the stand that in surveying he went into Lieuallen's Third Addition, which is adjoining Addition in the City of Moscow; that he examined the original notes of that Addition and inquired of other surveyors, and that he was able to locate

in that Addition what appears to be the original monument and the monument was in place and located according to the notes of the survey of Lieuallen's Third Addition; that he located that monument and that the courses and distances, the streets and the alleys— * * *

" * * * of that Addition and Lieuallen's and Misses A. A. Lieuallen's Addition agreed with the original plats of both Additions and with his survey thereof, and in handling this original monument of the Lieuallen's Third Addition, took some pictures of it, which pictures are indicated—indicate his method of location and the fact that he has located them. These pictures are Plaintiff's Requested Exhibit 16 through 20, and that this rock located appears to be an original monument in place and that the original monument checks with existing lines, existing streets and existing lines and streets of Misses A. A. Lieuallen's Addition, and I offer in evidence Plaintiff's Exhibits 16 through 20 inclusive."

There was no proof or offer of proof that the rock shown in the offered exhibits was identified with the plat of the property here involved, in fact the offer merely stated that it "appeared to be" an original monument relating to the plat of Lieuallen's Third Addition. The exact location of the photographed rock is not disclosed by the record.

Appellant's offered exhibit No. 15 is a drawing prepared by Mr. Conitz, purporting to show the original lines as shown on the plat and of existing fences and property lines and certain streets. The offer made in connection with its admission was:

"MR. HENRY FELTON: If the Court please, we offer to prove by this witness and by this plat, which is Plaintiff's Exhibit 15 for identification and which should now be marked a rejected Exhibit, we offer to prove by these that he has inquired of city engineers, city records, city surveying notes, and that the city engineer, Harvey Smith, is an old man who has been there for a long time and made many surveys and that he has taken these evidences, the best evidences of the location, where the streets which were established by an ancient surveyor who was familiar with the city almost from the beginning. And that when he had made all these inquiries of the city engineer and the city records and the county records and the field notes of the original surveys, he then proceeded to locate these tracts on this map and that he believes that this map represents the original lines of the A. A. Lieuallen's —Misses A. A. Lieuallen's Addition."

The witness did not explain the method employed by him in establishing the property lines and streets shown by the exhibit.

■ Appellant contends that since no monuments identified on the original plat of the properties involved, can be found, the lower court should have admitted evidence offered of another survey made by his witness which was based upon a monument found in a nearby addition and upon nearby streets used as monuments, neither of which are specified as monuments or referred to in the original plat. We are not cited to any authorities supporting such contention. The offered resurvey prepared by the witness Conitz was not tied to any monument mentioned in the plat involved nor to any original government monument. The use of a street as a monument and reliance upon fixed monuments in nearby areas, while making a resurvey of a platted area, may be proper if it were established that the original survey identified, relied upon or referred to those same points or places as monuments. A resurvey not shown to have been based upon the original survey is inconclusive in determining boundaries. 11 C.J.S. Boundaries § 61b, pp. 634–635; Wasson v. Campbell, 277 Mich. 286, 269 N.W. 176; Pallas v. Dailey, 169 Neb. 533, 100 N.W.2d 197; Hagerman v. Thompson, 68 Wyo. 515, 235 P.2d 750.

In the earlier appeal of this case, the court pointed out that the purpose of a re-survey is to ascertain the lines of the original survey and the original boundaries and monuments as established and laid out by the survey under which the parties took title, citing Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; Wing v. Wallace, 42 Idaho 430, 246 P. 8. The court also quoted with approval from Day v. Stenger, 47 Idaho 253, 274 P. 112, that parties cannot be bound by any survey not based upon the survey as originally made and monuments as erected.

In keeping with the mandate of this court in its decision of the former appeal in this case, the court at the retrial admitted evidence of ancient fences and other improvements as evidence of the original boundaries between the parties here involved.

■ Respondent introduced testimony of witnesses who had known the properties involved for many years. The testimony elicited from such witnesses was introduced to prove that a fence which was recognized by the former owners as marking the dividing line between said properties had been constructed prior to 1901 and remained in place for many years thereafter; that after the fence was removed there remained on the ground a number of things with which the fence line was identified, among which was a berme, outdoor toilet, a telephone or light pole, rose bush and fruit trees.

The rule is well established in this jurisdiction that where there has been a long period of acquiescence by adjoining property owners and their predecessors in interest, in recognizing a partition fence line as the boundary between their lands, the parties will be bound thereby. In O'Malley v. Jones, 46 Idaho 137, 266 P. 797, this court stated:

> " * * * A presumption that an agreement formerly was made as to the location of a boundary line may arise from the fact that such line has been definitely defined by the erection of a fence or other monument on it, and that the adjoining owners have treated the same as fixing the boundary between them for such length of time that neither ought to be allowed to deny the correctness of its location. * * *"

See, also: Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; Kesler v. Ellis, 47 Idaho 740, 278 P. 366; Woll v. Costella, 59 Idaho 569, 85 P.2d 679; Strahorn v. Ellis, 66 Idaho 572, 165 P.2d 294; Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 270 P.2d 830.

 The testimony introduced by respondent was also to the effect that appellant, on several occasions, discussed the boundary line with the former owner of Lot 12, during which conversations the dividing line as claimed by respondent was pointed out to appellant; that appellant sought to purchase from said former owner a 20-foot strip of ground on respondent's side of the old fence line.

 Under assignment No. 3, it is claimed that the court erred in refusing to permit appellant's witness, Harvey J. Smith, to testify fully and in refusing the offer of proof based on his testimony. Notwithstanding the fact that this claimed error is not discussed in appellant's brief, we have examined the rulings and offer made in connection with Mr. Smith's testimony and find no error. Contentions which are neither argued nor briefed will not be considered. State v. Snoderly, 61 Idaho 314, 101 P.2d 9.

 The evidence submitted was competent and adequate to sustain the finding of the trial court that the challenged property line had been established through agreement of long standing entered into and recognized by the parties' predecessors in title.

The evidence tending to establish a re-survey submitted by appellant was properly ruled upon by the trial court, and finding no prejudicial error the judgment is affirmed. Costs to respondent.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.