(June 24, 1902.)

## KERNS, RECEIVER, v. McAULAY ET AL.

### [69 Pac. 539.]

ATTACHMENT—PERSONAL SERVICE OF SUMMONS—NONRESIDENT—PERSONAL JUDGMENT.—A state court cannot legally enter a personal judgment against a nonresident, in the absence of personal service or personal appearance.

IDEM.—Where service of summons on a nonresident defendant is made by publication, and his property within the state is attached, and a personal judgment thereafter entered, the judgment is valid as against the party attached, but no further.

STATUTE OF IDAHO.—There is no statute in this state requiring the judgment in a case like the one at bar to recite that an execution shall issue against the attached property; that it is a judgment *in rem*, and only valid as against the property attached.

REQUIREMENT OF AFFIDAVIT IN ATTACHMENT.—Under each subdivision 1 and 2 of section 4303 of the Revised Statutes, the affidavit for an attachment must state amount of the indebtedness sought to be recovered over and above all legal setoffs or counterclaims.

IDEM.—In an affidavit for an attachment against the property of a nonresident, it is not absolutely necessary to aver therein that the defendant is a nonresident, provided the affidavit shows that the debt is not secured.

IDEM.—The provisions of said section do not, in terms, require the affidavit to state that the indebtedness is due, but by necessary implication it clearly requires that to be done.

MOTION TO VACATE JUDGMENT—TIME TO MAKE.—Under the provisions of section 4229 of the Revised Statutes, a motion may be made to vacate and set aside a judgment within six months after the adjournment of the term at which such judgment was rendered.

PRESUMPTIONS IN FAVOR OF COURT OF GENERAL JURISDICTION.—A court of general jurisdiction is presumed to have acted regularly and as prescribed by law, unless the contrary is shown by the record.

(Syllabus by the court.)

APPEAL from District Court of Shoshone County.

W. W. Woods and W. E. Borah, for Appellant.

The affidavit for attachment states facts having a legal tendency to make out a proper case in all its parts for the is-

suance of attachment process. It recites that defendants are indebted to plaintiff in a certain sum, the probative facts showing a contract for the direct payment of money, and that the payment of the same had not been secured. The lower court had authority to determine whether the affidavit conformed to the requirements of the statute. The decision of the case was the exercise of jurisdiction; it was a declaration that the affidavit was sufficient. Such a judgment is binding and remains in full force until reversed. (*Ex parte Watkins,* 3 Pet. 193, 7 L. ed. 650, opinion by Chief Justice Marshall.) There can be no judicial inspection behind the judgment save by appellate power. (*Grignon's Lessee v. Astor,* 2 How. 319, 11 L. ed. 283.) "When the proof has a legal tendency to make out a proper case in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose. In one case the court acts without authority; in the other it only errs in judgment upon a question properly before it for adjudication. In one case there is a defect of jurisdiction; in the other, there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight of evidence only makes the act erroneous, and it will stand good until reversed." Drake on Attachments, sec. 89; Kleber's Void Judicial and Execution Sales, sec. 45.) "The affidavit for attachment is preliminary. It may be defective, but when the writ is issued and levied the affidavit has served its purpose." (Quoting from decision in *Cooper v. Reynolds,* 10 Wall. (U. S.) 319.) Jurisdiction being obtained over the subject matter, no error in its exercise can make the judgment void. (Freeman on Judgments, sec. 135; Wells on Res Adjudicata and Stare Decisis, sec. 561; *Kmpe's Lessee v. Kennedy,* 5 Cranch (U. S.), 173; Cooley's Constitutional Limitations, sec. 408.) "When the attachment lien is merged in a judgment a mere irregularity is no ground for vacating a judgment. The judgment is final until reversed on appeal." (*Cooper v. Reynolds,* 10 Wall. (U. S.) 308; *Matthews v. Densmore,* 109 U. S. 216, 3 Sup. Ct. Rep. 126; *Ludlow v. Ramsey,*

11 Wall. (U. S.) 581, 588; *Voorhees v. Bank of United States,* 12 Dec. Sup. 193.) "The indebtedness to plaintiff is the principal element required in the affidavit, and when that appears by direct statement and there is nothing in the affidavit inconsistent with such statement of indebtedness, the affidavit should be held sufficient." (*Bank of California v. Boyd,* 86 Cal. 386, 25 Pac. 20; *Wheeler v. Farmer,* 38 Cal. 215; *Weaver v. Hayward,* 41 Cal. 117; *Dunn v. Mackey,* 80 Cal. 104, 22 Pac. 64; *Simpson v. McCarthy,* 78 Cal. 175, 12 Am. St. Rep. 37, 20 Pac. 406.) "The power of courts to set aside judgments after the lapse of the term is subject to settled principles, and the action of courts, if not authorized by these principles, is susceptible of review and reversal in the appellate courts." (*Huntington v. Finch,* 3 Ohio St. 445; *Henderson v. Gibson,* 19 Md. 234.) "Where statutory grounds for vacating a judgment provided, they must exist, and the means for vacating followed." (Black on Judgments, sec. 334; *Norton v. Atchison etc. R. R. Co.,* 97 Cal. 338, 33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452.) "A motion to open or vacate a judgment should be made within six months after the rendition of the judgment." (*Bunnell etc. Inv. Co. v. Curtin,* 5 Idaho, 652, 51 Pac. 767; *Bibend v. Kreutz,* 20 Cal. 110; *Dyerville Mfg. Co. v. Heller,* 102 Cal. 615, 36 Pac. 928; Idaho Rev. Stats., sec. 4229.)

Charles E. Miller, W. B. Heyburn and E. M. Heyburn, for Respondents.

A personal judgment cannot be rendered against a nonresident, served only by publication. Such service is not "due process of law," and is void. (*Pennoyer v. Neff,* 95 U. S. 714; *Hart v. Sansom,* 110 U. S. 151, 3 Sup. Ct. Rep. 586; *Freeman v. Alderson,* 119 U. S. 188, 7 Sup. Ct. Rep. 165; *Arndt v. Griggs,* 134 U. S. 316, 10 Sup. Ct. Rep. 557; *Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. Rep. 333; *Dewey v. Des Moines,* 173 U. S. 203, 19 Sup. Ct. Rep. 379.) An attachment of the property of the defendant within the jurisdiction of the court, although a proceeding in rem, will not support a personal judgment against a nonresident person upon whom personal service has not been had. (*Exchange Bank v. Clement,*

109 Ala. 280, 19 South. 817; *Pullman etc. Co. v. Harrison,*
122 Ala. 149, 82 Am. St. Rep. 68, 25 South. 697; *Cudabac v.
Strong,* 67 Miss. 709, 7 South. 544; *Griffith v. Mill Har. Co.,*
92 Iowa, 634, 54 Am. St. Rep. 573, 61 N. W. 243; *White v.
Johnson,* 27 Or. 282, 50 Am. St. Rep. 726, 40 Pac. 511;
*Louisville R. R. Co. v. Nash,* 118 Ala. 477, 72 Am. St.
Rep. 181, 23 South. 825; *South. Ry. Co. v. Ward,* 123 Ala.
400, 82 Am. St. Rep. 129, 26 South. 234; *Lutz v. Kelly,* 47
Iowa, 307; *Smith v. Griffen,* 59 Iowa, 409, 13 N. W. 423;
*Cassidy v. Woodward,* 77 Iowa, 354, 42 N. W. 319.) If an
affidavit for attachment is defective in not setting out all
that the statute requires, the court has no jurisdiction to
issue an attachment. (*Murphy v. Montandon,* 3 Idaho, 325,
35 Am. St. Rep. 279, 29 Pac. 851; *Willman v. Friedman,* 3
Idaho, 734, 35 Pac. 37; *Vollmer v. Spencer,* 5 Idaho, 57, 51
Pac. 609; *Mathews v. Densmore,* 43 Mich. 461, 5 N. W. 669;
*Cross v. McMaken,* 17 Mich. 511, 97 Am. Dec. 203; *Sharpless
v. Ziegler,* 92 Pa. St. 467; *Fisk v. French,* 114 Cal. 400, 46 Pac.
161.) If the nonresidence of the defendant is not set out and
sworn to clearly in the affidavit, the attachment and judgment
are illegal and void. (*De Leon v. Heller,* 77 Ga. 740; *Staples
v. Fairchild,* 3 N. Y. 41; *Cantrell v. Letwinger,* 44 Miss. 437;
*Conolly v. Woods,* 31 Kan. 359; *Davis v. Eppinger,* 18 Cal.
378, 79 Am. Dec. 184; *Balk v. Harris,* 122 N. C. 64, 30 S. E.
318; S. C., 124 N. C. 467, 70 Am. St. Rep. 606, 32 S. E. 799.)
"It must appear affirmatively by affidavit as the basis of such
proceeding (attachment) when the defendant is a nonresident,
that he has property in said state. (*Wilson v. Seligman,* 144
U. S. 41, 12 Sup. Ct. Rep. 541; *Bach v. Johnson,* 110 N. C.
114.) An examination of the certified transcript shows that
Epstein's affidavit does not aver that Balk had any property
of any description in Maryland, but merely that he was a non-
resident of the state. The Maryland court, therefore, acquired
no jurisdiction upon which an order affecting Balk could be
issued, and this being a jurisdictional defect, the judgment of
the Maryland court can be collaterally attacked in this pro-
ceeding." (*Pennoyer v. Neff, supra; Springer v. Shavender,*

118 N. C. 33, 54 Am. St. Rep. 708, 23 S. E. 976.) The entry of a personal judgment is an abandonment of waiver of the attachment lien. (*Gilbert v. Gilbert,* 33 Mo. App. 259; *Schieb v. Baldwin,* 22 How. Pr. 278; *Amyett v. Bachhouse,* 7 N. C. 63; *Perry v. Mendenhall,* 57 N. C. 157; *Wasson v. Cone,* 86 Ill. 46; *Lowry v. Magee,* 75 Ind. 508; *Smith v. Scott,* 86 Ind. 346; *Sannes v. Ross,* 105 Ind. 558; *United States Mtg. Co. v. Henderson,* 111 Ind. 24.) The personal judgment was absolutely void. It should have been *in rem* only, and should have directed the sale of the attached property. A personal judgment rendered against an absconding or nonresident debtor, upon service by publication, is absolutely void, and a sale of real estate thereunder is unauthorized and illegal. (*Lutz v. Kelly,* 47 Iowa, 307; *Smith v. Griffen, supra; Cassidy v. Woodward, supra.*) Effect of abandonment: Where an attachment is abandoned the entire proceeding becomes a nullity. (*Pierce v. Meyers,* 28 Kan. 364; *French v. Stanley,* 21 Me. 512; *Cook v. Love,* 33 Tex. 487.) The proper course to vacate a void judgment is by motion which may be made at any time. (*People v. Greene,* 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197; *Dunbar v. Commissioners,* 5 Idaho, 407, 49 Pac. 409; *Ex parte Grenshaw,* 15 Pet. 119; *Harris v. Hardeman,* 14 How. 334; *United States v. McKnight,* 1 Cranch, 84.)

SULLIVAN, J.—This is an appeal from an order made after judgment vacating and declaring said judgment null and void, quashing and setting aside a writ of attachment issued in said action, and revoking and setting aside all proceedings had under said judgment, and entering judgment against plaintiff, who is appellant here, for costs of said motion. Suit was brought by the appellant, as receiver of the property of the Coeur d'Alene Bank, against George B. McAulay and Van B. De Lashmutt, to recover a balance on an account amounting to $24,045.16, with interest thereon at the rate of ten per cent per annum, and costs of suit. An affidavit and undertaking in attachment were filed. Summons was issued, and returned by the sheriff, "Defendants not found." Service was then attempted to be made by publication. The writ of attachment was levied upon

the California lode mining claim. On March 12, 1901, the default of the defendants was entered. The plaintiff proved the allegations of his complaint, and judgment was entered in favor of plaintiff for the sum of $51,045.21. It is not claimed that a personal appearance was ever entered by the defendants, or that personal service of summons was ever made on either of them. The affidavit for service of summons by publication states that the defendants were nonresidents, and could not be found in the state, and the only service of summons upon either of the defendants was by publication thereof in a newspaper, and sending a copy of the summons and complaint through the mail to the address of defendants in the state of Washington. An attempt was made to obtain jurisdiction of certain property belonging to defendants, situated in Shoshone county, state of Idaho, consisting of said California mining claim, by attaching the same as above stated. Said judgment was rendered on March 12, 1901. The defendants appeared specially in the trial court on the twenty-sixth day of September, 1901, and moved to dissolve said attachment and vacate said judgment on the following grounds, to wit: "1. That the said plaintiff, Abner G. Kerns, was at no time authorized by the court by whom he was appointed such receiver of the said Coeur d'Alene Bank to institute and bring this action against these defendants. 2. That these defendants, or either of them, were not personally served with the process of this court, requiring them to appear and defend against the complaint filed herein. 3. That no valid and sufficient affidavit for the attachment of the property of these defendants to secure the jurisdiction of this court was ever filed prior to the issuance of the writ of attachment herein. 4. That the pretended affidavit for attachment filed herein, to wit, November 26, 1900, was insufficient and absolutely void, for the following reasons, to wit: (a) Because it is not stated and averred in said pretended affidavit that the indebtedness therein mentioned is 'over and above all legal setoffs and counterclaims.' (b) Because it is not stated and averred in said pretended affidavit whether said indebtedness is 'upon a judgment,' or 'upon a

contract for the direct payment of money,' or either or both. (c) Because it is not stated and averred in said pretended affidavit that these defendants therein named, or either of them, are nonresidents of the state of Idaho. (d) Because the said pretended affidavit is false as to material facts, in this: That it is therein stated that these defendants were then and there indebted to the plaintiff in the sum of forty-three thousand nine hundred ninety-five and 72/100 dollars ($43,995.72), whereas it appears from the complaint herein, verified upon the oath of plaintiff, that the sum of nineteen thousand nine hundred and fifty and 56/100 dollars ($19,950.56) had, to wit, and theretofore, April 1, 1897, been paid on said principal sum of forty-three thousand nine hundred and ninety-five and 72/100 dollars ($43,995.72), and such payment is therein duly credited. (e) Because it does not appear from said pretended affidavit that the indebtedness therein referred to was due. (f) Because it appears from the said pretended affidavit that the indebtedness therein referred to was barred by the statute of limitation at the time of the commencement of this action. 5. Because the complaint herein does not state a cause of action against these defendants. 6. Because the said judgment rendered herein as aforesaid is purely a personal judgment, not based on personal service on these defendants, and is not a judgment against any of the property of these defendants, or either of them."

After a hearing on said motion the court quashed the attachment, set aside the judgment, revoked all proceedings thereunder, and entered judgment against appellant for costs of the motion. Appellant contends that the court erred in holding said judgment void and vacating the same. The judgment to the extent of the value of the attached property is good, provided the attachment was valid; but, if the attachment was void, the judgment is absolutely void, for a personal judgment is not good against one who has not appeared in the action, and not personally served with summons. It is shown that the defendants were nonresidents, and it is well settled that a personal judgment cannot be rendered

against a nonresident served only by publication. Such service is not "due process of law," and the court does not thereby obtain jurisdiction to render a personal judgment. (*Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565; *Galpin v. Page,* 18 Wall. (U. S.) 350, 21 L. ed. 959; *Hart v. Sansom,* 110 U. S. 151, 3 Sup. Ct. Rep. 586, 28 L. ed. 101; *Freeman v. Alderson,* 119 U. S. 188, 7 Sup. Ct. Rep. 165, 30 L. ed. 372.) In the last-cited case it is held that a state court cannot determine the validity of any demand against a nonresident, in the absence of personal service or his personal appearance, beyond such as may be satisfied by property within its jurisdiction; and to the same effect are all of the above-cited cases. (See, also, *Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. Rep. 333, 42 L. ed. 733; *Dewey v. City of Des Moines,* 173 U. S. 203, 19 Sup. Ct. Rep. 379, 43 L. ed. 665.

It is contended that an attachment of property of a defendant within the jurisdiction of the court, although a proceeding *in rem,* will not support a personal judgment against a nonresident upon whom personal service has not been had, and for that reason that the personal judgment in the case at bar is absolutely void. We agree with counsel in that contention in cases where a personal judgment has been entered, and no property of the defendant has been attached prior to the entry of such judgment. But in cases where property has been attached, such attachment brings the property attached into the jurisdiction of the court, and a personal judgment entered in such case is good as to the property attached. (*Cooper v. Reynolds,* 10 Wall. 308, 19 L. ed. 931.) We have no law in this state requiring a judgment in cases like that at bar to recite that an execution shall issue against the attached property, or that it is a judgment *in rem,* and only valid to the property attached. In such cases, after the attached property is exhausted no execution can be legally issued for any unpaid balance on such judgment after the application of the proceeds of the sale of the attached property. We think that it would be better practice in this class of cases for the judgment to recite the fact of the attachment, and contain an order for the

disposition of the attached property, and recite that the judgment was valid only in so far as the application of the proceeds of the sale of the property paid or satisfied it.

It is contended that said attachment is absolutely void, for the reasons stated in the motion above quoted, and the court was justified in quashing said writ and setting aside said judgment. As this is the most important question in this case, we will here quote the affidavit on which said writ was issued, to wit:

"State of Idaho, }
County of Shoshone. } ss.

"Abner G. Kerns, being first duly sworn, on his oath says that he is the receiver of the property of the Coeur d'Alene Bank and the plaintiff in the above-entitled action; that the defendants, George B. McAulay and Van B. De Lashmutt, are indebted to the plaintiff, as such receiver, in the sum of forty-three thousand nine hundred ninety-five and 72/100 dollars ($43,995.72), with interest thereon from the tenth day of April, 1893, at the rate of ten per cent per annum, less the sum of $19,950.56, with interest thereon at the rate of ten per cent per annum from the tenth day of April, 1893, to the first day of April, 1897, upon a balance of account for moneys paid, laid out, and expended by said Coeur d'Alene Bank for the use and benefit of the defendants, and at their request, between the first day of January, 1891, and the said tenth day of April, 1893, in the county of Shoshone, state of Idaho, and that the payment of said sum has not been secured by any mortgage or lien upon real estate or personal property, or pledge of personal property; that this attachment is not sought and this action is not prosecuted to hinder, delay, or defraud any creditor of the defendants."

And the following is section 4303 of the Revised Statutes, under which this affidavit was filed, and the writ issued:

"Sec. 4303. The clerk of the court must issue the writ of attachment, upon receiving an affidavit by or on behalf of plaintiff, setting forth: 1. That the defendant is indebted to the

plaintiff (specifying the amount of such indebtedness over and above all legal setoffs or counterclaims) and whether upon a judgment or upon a contract, for the direct payment of money and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or if originally secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless; or 2. That the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal setoffs or counterclaims), and that the defendant is a nonresident of the territory; and 3. That the attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor of the defendant." It is contended that said affidavit was deficient in the following particulars: 1. That it did not specify the amount of the indebtedness, over and above all legal setoffs or counterclaims; 2. That it did not specify whether the indebtedness was claimed upon a judgment or upon a contract for the payment of money; and 3. It did not allege that the defendants were nonresidents of the state of Idaho. Each of said subdivisions requires the affidavit to specify the amount of the indebtedness sought to be recovered, over and above all legal setoffs or counterclaims. The affidavit fails to do that, and is therefore fatally defective. It does state, however, that defendants are indebted to plaintiff in the sum of $43,995.72, with interest, less the sum of $19,950.56. That is not equivalent to and does not mean that the indebtedness is the former amount, less the latter, over and above all legal setoffs or counterclaims. Said statement may be absolutely true, and there exist other legal setoffs or counterclaims against said balance. The second point against said affidavit is not well taken. The affidavit does sufficiently aver that said indebtedness was upon a contract for the payment of money. However, it does not aver that said defendants are nonresidents, and the majority of the court are of the opinion that it is not absolutely necessary to include that averment in the affidavit when the writ is sought against the property of a nonresident, or if it does the said second sub-

division does not require the affidavit to state that the debt was not originally secured. The first subdivision of said section 4303 is intended to apply to affidavits for attachments against the property of resident as well as nonresident debtors, and subdivision 2 thereof to affidavits for attachments against nonresident debtors only. The affidavit for a writ of attachment must set forth all of the statutory requirements, either in the language of the statutes, or in language of substantially the same purport or meaning. If it fails to do so, the court has no jurisdiction to issue the writ. In case the writ is sought against the property of a nonresident, it is sufficient to set forth in the affidavit just what is required by the second subdivision of said section 4303, and no more. However, if all of the requirements of subdivisions 1 and 2 of that section were set forth in the affidavit, it would not render it void or ineffective. The requirements of the third subdivision of said section must be set forth in all such affidavits. The affidavit for a writ against the property of a nonresident defendant will not be void if it fails to aver the nonresidence of the defendant. Said statute, in terms, does not require the affidavit to state that the indebtedness is due, but by necessary implication it clearly requires it.

It is contended by appellant that the motion to set aside and vacate said judgment was not made in time, for the reason that it was not made within six months after the rendition of said judgment, and the case of *Investment Co. v. Curtis,* 5 Idaho, 652, 51 Pac. 767, is cited. While it is stated in the opinion of that case that said motion came too late, as it was made more than six months after the rendition of the judgment therein, the court should have said within six months after the adjournment of the term at which said judgment was rendered. (See Rev. Stats. 1887, sec. 4229.) The record contains no statement of the date of the adjournment of the term at which said judgment was rendered, and, if appellant desired to rely upon that point, it ought to have been called to the attention of the court below, and the transcript made to show the date of the adjournment of said term. As the record stands, this

court must presume that said motion was made within the statutory time. The presumption of the regularity of the action of the trial court, and that it granted only motions made within the time required by law, must prevail. In this state, we have no statutory provision, authorizing attachment proceedings, where the debt has not yet matured.

It is contended that it must be made to appear by the affidavit, when the defendant is a nonresident, that he has property within this state, before the writ can legally issue. That point is not well taken, as the statutes of this state do not require that to be done. In some states, however, that is made a requisite.

It is contended that the matters complained of in said motion were mere irregularities, and that the attachment lien was merged in the judgment, and, that being true, such irregularities are not ground for vacating a judgment. The matter complained of was more than a mere irregularity. It went to the very foundation of the jurisdiction of the court, and for that reason there is nothing in said contention.

As said writ of attachment was void, the court obtained no jurisdiction over the property levied upon under it, and, as the summons was not personally served, the court had no jurisdiction of the persons of the defendants, and for these reasons the judgment was void; and the court did not err in revoking and setting aside said judgment, and in entering judgment in favor of the defendants for costs of said motion.

The action of the trial court is affirmed, with costs in favor of respondents.

Quarles, C. J., and Stockslager, J., concur.

## ON REHEARING.

Per CURIAM.—In his petition for a rehearing, the appellant contends that the court erred in its construction of section 4303 of the Revised Statutes, and that the matter therein stated parenthetically need not be stated in the affidavit; the same being directory, and not mandatory. This contention, if recognized and given force, would make it unnecessary to state

the amount of the debt owing to the plaintiff in an attachment proceeding. No such result was contemplated. The statute contemplated that the matter stated parenthetically should be stated in the affidavit for attachment, viz., the amount of the debt due to plaintiff over and above all legal setoffs or counterclaims. It would not be consistent to hold that the plaintiff must state a portion of the parenthetical matter, and not all of it. And it is apparent that the statute contemplated that the amount of the indebtedness should be stated in the affidavit; hence we must hold to the ruling already announced in this case —that it must state the indebtedness over and above all legal setoffs or counterclaims.

The hearing asked is denied.