(December 2, 1924.)

ROSELLA CARTER, Appellant, v. I. B. CARTER, Respondent.

[230 Pac. 768.]

DIVORCE — ADULTERY — SUFFICIENCY OF EVIDENCE — DIVISION OF COMMUNITY PROPERTY—DISCRETION OF COURT.

1. Evidence examined and *held* to sustain judgment of divorce on ground of adultery.

2. C. S., sec. 4650, subd. 1, submits the question of the division of the community property to the sound discretion of the trial court, where a decree is rendered on ground of adultery or extreme cruelty.

3. Where a divorce is granted on ground of adultery or extreme cruelty, the decision of the lower court as to division of community property will be disturbed only for a clear abuse of discretion.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for divorce. Judgment for defendant and cross-complainant. *Affirmed.*

Walter H. Anderson and C. M. Jeffery, for Appellant.

The court has full power to review the award and division of community property, where the decree is granted upon

the ground of extreme cruelty or adultery. (C. S., sec. 4752; *Eslinger v. Eslinger,* 47 Cal. 62; *Brown v. Brown,* 60 Cal. 579; *Strozynski v. Strozynski,* 97 Cal. 189, 31 Pac. 1130; *Reid v. Reid,* 112 Cal. 274, 44 Pac. 564; *Gorman v. Gorman,* 134 Cal. 378, 66 Pac. 313.)

"Where a trial has been had entirely upon depositions, and the trial court has not seen the witnesses, or heard the witnesses, the appellate court is in as favorable position for judging the truthfulness of the witnesses and the weight of the evidence as the trial judge, and will consider the same as if originally heard in the appellate court." (*Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8; 4 C. J., 889, sec. 2859.)

James B. Bacon, for Respondent.

The trial court did not err in awarding to respondent the greater portion of the community property. (C. S., sec. 4650, subd. 1; *Rose v. Rose,* 112 Cal. 341, 44 Pac. 658; *Thomsen v. Thomsen,* 31 Cal. App. 185, 159 Pac. 1054; *Meyer v. Meyer,* 184 Cal. 687, 195 Pac. 387; *Gould v. Gould,* 63 Cal. App. 172, 218 Pac. 278.)

The evidence is amply sufficient to establish the act of adultery. (*Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265; *De-Cloedt v. DeCloedt,* 24 Ida. 277, 133 Pac. 664; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Piatt v. Piatt,* 32 Ida. 407, 184 Pac. 470.)

McCARTHY, C. J.—Appellant sued respondent for divorce on the ground of cruelty. Respondent filed a cross-complaint charging adultery with one Odell. Each of the parties sought custody of the four minor children of the marriage. Appellant asked that the community property be divided equally between herself and respondent and for permanent alimony. Respondent asked that all of the community property be awarded to him. The court found that respondent was not guilty of cruelty as alleged in the complaint, and that appellant was guilty of adultery as alleged in the cross-complaint. The court further found that the

community property was worth $7,000 and that respondent's earning capacity was $225 per month, that appellant was not a proper party to have custody of the children and that respondent was. Upon these findings the court granted respondent a decree of divorce, awarded the custody of the children to him, awarded him all the community property, but decreed that respondent pay appellant the sum of $500. The court allowed appellant $150 suit money and a $100 attorney fee in the court below, also suit money and a $250 attorney fee on appeal. On appeal from the judgment, as specifications of error, appellant assigns that the court erred in awarding all the property to respondent because the evidence is insufficient to establish adultery or extreme cruelty, and that the court abused its discretion in awarding all the community property to respondent.

Odell had been prosecuted for adultery, the act relied upon by the state in the prosecution being the same act as the one set forth in respondent's cross-complaint. By stipulation all of the evidence introduced on the trial of the criminal action was admitted on the trial of the divorce case, including that of appellant and respondent, who both testified in the criminal action. In addition to this other oral testimony was introduced on the trial of the divorce action.

Appellant invokes the rule that where the testimony submitted to the court below is all in the form of depositions, this court will pass upon its weight and credibility, even in the face of a conflict. (*Jackson v. Cowan*, 33 Ida. 525, 196 Pac. 216; *Roby v. Roby*, 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner*, 11 Ida. 603, 83 Pac. 938; *Parsons v. Wrble*, 19 Ida. 619, 115 Pac. 8, 13.) Even if the only evidence introduced in this case had been that which was introduced on the trial of the criminal action, we would hold that the findings of the trial court were sustained. However, additional evidence was introduced. Considering all the evidence the findings of the trial court are amply sustained.

·C. S., sec. 4650, subd. 1, provides that if a decree of divorce be rendered on the ground of extreme cruelty or adultery the community property must be assigned to the respective parties in such proportions as the court, from all the facts and the conditions of the parties, deems just. The statute submits the question of the division of the property to the sound discretion of the court where the decree is rendered on the ground of adultery or extreme cruelty. (*Thomsen v. Thomsen*, 31 Cal. App. 185, 159 Pac. 1054.) The decision of the lower court will be disturbed only for a clear abuse of discretion. Considering all the evidence in the case it cannot be held that there was such an abuse of discretion.

The judgment is affirmed, without costs.

William A. Lee and Wm. E. Lee, JJ., concur.