(No. 4490.   April 1, 1927.)

IDA E. WHEATON, Appellant, v. R. U. BRADSHAW, Respondent.

[255 Pac. 409.]

HUSBAND AND WIFE—COMMUNITY PROPERTY—EVIDENCE.

Evidence in action to quiet title *held* to support findings of court to effect that property purchased by defendant on execution sale against husband was purchased with community funds and constituted community property.

APPEAL from the District Court of the Seventh Judicial District, for Payette County.   Hon. B. S. Varian, Judge.

Action to quiet title.   Judgment for defendant.   *Affirmed.*

Freehafer & McClure and Geo. Donart, for Appellant.

Where property is acquired during coverture, the test of its character as community or separate property is whether it was acquired by community funds or community credit. (*United States Fidelity & Guaranty Co. v. Leek,* 58 Wash. 16, 107 Pac. 870; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Vandervort v. Godfrey,* 58 Cal. App. 578, 208 Pac. 1017.)

Property purchased during coverture with money borrowed on the individual credit of the wife, and not upon the community credit, or the credit of the husband, becomes the

---

Publisher's Note.

See Husband and Wife, 31 C. J., sec. 1144, p. 53, n. 47.

44 Idaho—9

separate property of the wife, particularly where the husband concurred in the purpose of the wife to purchase upon her own separate account. (*Stewart v. Weiser Lumber Co., supra; Printz v. Brown,* 31 Ida. 443, 174 Pac. 1012; *Morris v. Waring,* 22 N. M. 175, 159 Pac. 1002; McKay on Community Property, 2d ed., chap. 26.)

Ed. R. Coulter, for Respondent.

Lands purchased by the wife, who at the time has no separate property, with money borrowed by the wife, are community property. (C. S., secs. 4656, 4657, 4659, 4660, 4666, 4667, 6919; *Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Humbird Lumber Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Chaney v. Gould Co.,* 28 Ida. 76, 152 Pac. 468; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Vaughan v. Hollingsworth,* 35 Ida. 722, 208 Pac. 838; *Bannock Nat. Bank v. Automobile Acc. Co.,* 37 Ida. 787, 219 Pac. 200; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Printz v. Brown,* 31 Ida. 443, 174 Pac. 1012; *Northwestern & P. H. Bank v. Rauch,* 7 Ida. 152, 61 Pac. 513; *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870; *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237; *Hall v. Johns,* 7 Ida. 224, 105 Pac. 71; sec. 210, McKay on Community Property.)

TAYLOR, J.—Plaintiff, appellant, brought this action to quiet title in two pieces of real estate claimed by her as her separate property, against a judgment, and execution and sale thereunder, in an action wherein defendant was plaintiff against her husband, W. W. Wheaton. This appeal is from a judgment for the defendant.

Plaintiff's complaint alleged:

"That the said lands and premises and every part thereof were purchased with money which belonged to the plaintiff in her own right and as her sole and separate property, free and independent of any community interest of the said W. W. Wheaton therein."

The appellant specifies numerous errors, all of which may be summarized in one: That the findings and decree of the court are not supported by the evidence.

The court found that the plaintiff was not the owner "in fee simple, as her sole and separate property, of the lands described," and that the property was community property. It is conceded that at all times plaintiff and W. W. Wheaton were husband and wife; that the community was indebted to defendant herein in approximately $15,000; that plaintiff owned no other separate property. The two pieces of land were acquired by deeds in the name of plaintiff, in which no provision was made "that the rents and profits thereof be applied to her sole and separate use." (C. S., sec. 4660.)

We will refer to the lands as the Joiner and Skeffington lands. The purchase price of the Joiner lands, 20 acres, was $3,400, of which $1,000 was paid in cash, and a mortgage of $2,400 assumed. This $1,000 payment was made with moneys furnished by plaintiff's husband giving to her drafts upon his employer, and was by her paid directly to the vendor. One thousand dollars of this mortgage was paid with money furnished by plaintiff's husband by his giving to her drafts upon his employer in the same manner. Later, a new mortgage was given in the sum of $2,500 to the Union Central Life Insurance Company, of which $1,500 was used to pay off the original mortgage; and plaintiff testifies that she used the other $1,000 to improve the orchard on the Joiner land. This mortgage was joined in by the husband.

The Skeffington land was purchased for $2,000. One thousand dollars was paid in cash, likewise received by plaintiff by drafts drawn by her husband upon his employer. Plaintiff testifies that she gave her note for the remaining $1,000. In a later year, 1919, plaintiff received $1,000 in rent for the Joiner land, and in 1921, $3,500. With the $1,000, a barn and silo were built upon another piece of land purchased in the husband's name, upon which plaintiff im-

mediately filed a homestead declaration. Skeffington was paid $1,000 from the $3,500.

Cows and chickens were kept upon the home place, and the taxes on the Joiner and Skeffington lands were paid "from cream checks and chicken money"; likewise, the interest upon the Union Central Life Insurance Company mortgage.

Plaintiff introduced evidence that during all of this time her husband was indebted to her brother, one John Flynn; that she wished to purchase these pieces of property; that her brother offered to and did lend her these moneys furnished by her husband upon an agreement that if her husband would give to her moneys which he owed her brother, the brother would thus loan her the money for these purchases, and that the purchases, so far as moneys advanced by the husband were concerned, were financed by loans from her brother in this manner. The defendant introduced no evidence.

Plaintiff now demands that this court hold, as a matter of law, that purchases made by a wife of property which she contends she purchased as her sole and separate property on her own credit, must be and are her sole and separate property. This contention presupposes, and requires for its support, that the wife did so borrow the money, and upon her own separate credit; in the ultimate, a demand that this court find from the evidence, or that the trial court was compelled to find from the evidence, that plaintiff did borrow this money, and did buy the land upon her sole and separate credit.

There is no use in discussing the law applicable to such a state of facts when, as disclosed, the court did not find these facts to be true,—in effect, found they were untrue. The plaintiff presented findings of fact requesting the court to find, in effect, that the moneys furnished by her husband were borrowed from her brother, and that she purchased the land with borrowed moneys, and that thus the proceeds, rents, issues and profits of these lands with which she made further payment, were her sole and separate prop-

erty.  The court declined to make these findings.  This, in effect, was a finding against the plaintiff.  In other words, a proper conclusion to be drawn from the findings refused, and those made, is that the trial court did not believe the evidence of plaintiff that she had borrowed these moneys from her brother.  We thus have the finding that the plaintiff's husband furnished the money; that it was not borrowed.

The evidence of the plaintiff and of her brother and husband as to there being an indebtedness between the husband and brother, and of the account between them, and of the purported loan, is so uncertain and unsatisfactory that we cannot say that the court was not justified in its findings of fact, and in rejecting this portion of the proof as unreliable, and refusing to find facts in accordance therewith.  The evidence is ample to support the findings of the court in effect that the property was purchased with community funds, and was community property, and they will not be disturbed.

The judgment is affirmed.  Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.