(No. 5015.   July 31, 1928.)

MARY E. SMILEY, Appellant, v. JOHN W. SMILEY, Respondent.

[269 Pac. 589.]

Miles F. Egbers and James F. Ailshie, for Appellant.

Ezra R. Whitla, for Respondent.

WM. E. LEE, C. J.—The parties intermarried on November 7, 1925. On October 28, 1926, appellant brought this action for divorce on the ground of extreme cruelty, asking for partition of the community property, permanent alimony and attorney's fees. Decree was entered granting the prayer for divorce, awarding appellant $500 permanent alimony, $250 attorney's fees and one-half the community property. She appeals from that portion of the decree affecting the distribution of the property, the award of permanent alimony and the allowance for attorney's fees.

It is urged that the trial court erred in awarding appellant only one-half the community property; that, when a divorce is granted on the ground of extreme cruelty, the evident intent of C. S., sec. 4650, is that the injured party should be awarded more than one-half the community estate. While it has been said that such is the inference of the statute (*Eslinger v. Eslinger*, 47 Cal. 64), this court has held that the matter of the disposition of the community property, where a divorce is granted on the ground of extreme cruelty, is primarily committed to the discretion of the trial court. (*Donaldson v. Donaldson*, 31 Ida. 180, 170 Pac. 94; *Carter v. Carter*, 39 Ida. 798, 230 Pac. 768.) The division made appears to be equitable and will not be disturbed.

Complaint is made of what is termed the "trifling allowance" of $500 for permanent alimony; one of the grounds of complaint being that the trial court "refused to consider appellant's children of a former marriage . . . .

as one of the circumstances to be considered in awarding a suitable allowance of alimony . . . . '' C. S., sec. 4644, provides that, where a divorce is granted for an offense of the husband, the court may compel him to provide *for the children of the marriage*, and to make such suitable allowance to the wife *for her support* as the court may deem just. The statute makes no provision for alimony for the maintenance and support of children of the wife by a former marriage.

In determining the amount of permanent alimony to be awarded no fixed rule may be applied. The amount is largely in the discretion of the trial court and it is only where there is a manifest abuse of discretion that its award will be interfered with on appeal. (19 C. J. 264.) Appellant, within less than a year after her marriage, and on very slight evidence of extreme cruelty, has sought and obtained a divorce. The record plainly shows that respondent's income, during the year the parties were married, was received to a large extent from properties constituting his separate estate and that, as found by the trial court, his income did not greatly exceed the amount of expense of operation of his business and the cost of maintaining the family. In view of the facts and circumstances of the case, we are not disposed to disturb the award.

The trial court allowed appellant the sum of $250 for attorneys' fees. There was evidence that $500 was a reasonable sum to be allowed, and appellant urges, the evidence being uncontradicted, that "the trial court was divested of any discretion to fix and allow any sum other or less than that established by the testimony." This contention is without merit. In taking evidence for the purpose of fixing the amount of an allowance for attorneys' fees, the court is not trying an issue in the case, but is seeking for information as the basis of its order, and is not bound by the rules of evidence applicable to contesting litigants. (*Rose v. Rose,* 109 Cal. 544, 42 Pac. 452. See, also, *Kirk v. Culley,* 202 Cal. 501, 261 Pac. 994.) The allowance made was reasonable.

█ It is finally urged that the court's finding that the value of the. community estate was $600 is not sustained by the evidence; that the evidence shows, without contradiction, the value of the community estate was $1,531.95.

The first item of contention concerns a heating plant installed in a hotel during the period the parties were married, the hotel belonging to respondent prior to the marriage. Appellant claims that the heating plant, shown to be of the approximate value of $2,000, was purchased with community funds. The record is far from clear whether the heating plant had been paid for at the time of the trial and, if paid for, whether community funds were used therefor. In view of the pleadings, however, it is unnecessary to review the evidence in this respect. The complaint sets forth that the hotel was the separate property of respondent and makes no reservation of any community interest therein. An admission made in a pleading is binding on the party making it. (31 Cyc. 676.) Appellant has no cause for complaint because the court found the hotel to be the separate property of respondent. (*Weber v. Weber,* 16 Or. 163, 17 Pac. 866.)

The court found that community funds had been used to the extent of $420 in payments made on a mortgage debt on a dwelling-house constructed by respondent previous to the marriage. Appellant urges that the community interest is $70 greater than the court found. The evidence bearing on this question was that of respondent that he had paid "altogether since I started $673," but that "I can't tell" how much of it was from funds accumulated previous to the marriage. He testified also that some payments had been made since the marriage, and it is apparently on this evidence that the court made the finding. The evidence furnishes no basis for determining the exact interest of the community, and the finding will not be set aside on her appeal.

Respondent testified that, during the existence of the marriage, certain persons became indebted to him on account for goods, wares and merchandise in the sum of

$287.70, and appellant insists that such accounts should have been classified as community property. Technically appellant is probably correct in this contention. However, the stock of merchandise belonged to respondent before the marriage, and, in view of the brief period that the parties were married, it is most likely that the sales were from respondent's separate property. The court found of what the community property consisted and the accounts were not included. There is certainly no direct evidence that the accounts should have been classed as community property. A careful examination of the entire record has convinced us that the trial court was liberal in the awards to appellant. As has been said, the income from the relatively small amount of property owned by respondent did not greatly exceed the expense of family maintenance, including the support of appellant's minor children. The evidence on which the divorce was granted was meager, and in view of all the facts and circumstances, we have concluded that the decree should be affirmed.

No costs allowed.

Givens and Taylor, JJ., concur.