(No. 5312.   July 30, 1929.)

BEAR LAKE STATE BANK, a Corporation, Respondent,
v. G. E. WILCOX et al., Appellants.

[279 Pac. 1090.]

John A. Bagley, for Appellants.

Darwin E. Haddock, for Respondent.

BRINCK, District Judge.—Plaintiff in this action seeks to quiet title to property which had stood upon the records in the name of the defendant Annie Wilcox and which the plaintiff had purchased at sheriff's sale upon an execution issued in an action wherein the plaintiff had sued and obtained judgment against G. E. Wilcox, the husband of Annie Wilcox. In the former action, the interest of G. E. Wilcox in the property involved had been attached, and service of summons had been personally made upon the defendant G. E. Wilcox in the state of Utah. After the attachment had been levied, G. E. Wilcox and Annie Wilcox mortgaged the property to King and Schulder, to whose interests defendant Samuel A. King has succeeded. By cross-complaint Annie Wilcox seeks to have the title to the property quieted in herself as her separate property, and both she and Mr. King set up in defense to plaintiff's complaint this contention. The court found for the plaintiff upon the issues, and rendered judgment for plaintiff quieting its title, from which the defendants appeal.

Appellants attack the finding that the property was the community property of George E. and Annie Wilcox as not supported by the evidence. The parties had been married many years when the property was acquired in 1911, and Mrs. Wilcox was named as grantee in the deed received when the property was purchased. Mrs. Wilcox and two sons gave testimony tending to show that the prop-

erty had been paid for in part by the proceeds of cattle acquired by her after marriage, which were the increase, by purchase or otherwise, of a calf which had been purchased with the proceeds of a trunk which belonged to Mrs. Wilcox before her marriage, and in part by earnings of the boys while they were minors and in part by earnings of her own. On the other hand, it appeared that the contract for the purchase of the property named both Mr. and Mrs. Wilcox as purchasers; that neither the contract nor the deed contained any recital indicating that the property was to be the separate property of the wife; and that most of the payments upon the purchase price were made out of money deposited in the bank in the name of the husband; and of course the presumption existed that the property belonged to the community. We think the finding of the trial court should not be disturbed on this question.

Appellants attack the attachment in the former action upon the ground that the affidavit for attachment, which recited that the note on which the action was brought was secured by the pledge of certain property, but that said security had become worthless, did not show that it had become worthless without any act of the plaintiff. The affidavit was insufficient in this respect. (*Bellevue State Bank v. Lilya*, 35 Ida. 270, 205 Pac. 893; C. S., sec. 6780.) We think, however, that if this defect were amendable, it was not a jurisdictional defect which would defeat the judgment based thereon. (*Mentzer v. Ellison*, 7 Colo. App. 315, 43 Pac. 464.) Prior to the amendment of C. S., sec. 6814, by chapter 160 of 1921 Session Laws, it had been held that similar defects were fatal to the attachment (*Murphy v. Montandon*, 3 Ida. (Hasb.) 325, 35 Am. St. 279, 29 Pac. 851; *Kerns v. McAulay*, 8 Ida. 558, 69 Pac. 539; *Heaton v. Panhandle Smelting Co., Ltd.*, 32 Ida. 146, 179 Pac. 510), and that the affidavit was not amendable (*Heaton v. Panhandle Smelting Co., Ltd., supra*). Under statutes providing for amendment, defective statement of ground for attachment is generally held amendable. (*American Surety Co. v. Kartowitz*, 59 Mont. 1, 195 Pac. 99; *Patch v. Stewart*, 78

Mont. 192, 253 Pac. 254; *Hamburger v. Halperm,* 28 Cal. App. 317, 152 Pac. 61.) It further appears from the affidavit for personal service of the summons outside the state in the former action that the defendant was a nonresident, and if that fact had been alleged in the affidavit for attachment, it would not have been necessary to state any other ground for the attachment (*Kerns v. McAulay, supra*) ; and in *Hamburger v. Halperm, supra,* it was held that failure to allege nonresidence in an affidavit for attachment was an amendable defect. We think that in the present case the affidavit, in failing to sufficiently state the ground for attachment as to the absence of security for the debt, was merely irregular and not void, and that it gave the court jurisdiction to enter judgment against the defendant to the extent of the property attached. That the judgment was personal in form, was not fatal to the judgment. (*Kerns v. McAulay, supra.*)

It is further objected that the evidence fails to show that the service upon Wilcox outside the state was supported by a proper affidavit and order. The judgment-roll in the former action was introduced in evidence, and bound up with the judgment-roll are a sufficient affidavit and order for personal service of the summons outside of the state. The whole bundle of papers was marked as an exhibit and introduced in evidence without objection upon that ground, and although the affidavit and order were not properly a part of the judgment-roll (C. S., sec. 6901; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158), these documents, being physically introduced in evidence, were proper to be considered by the court in support of the prior judgment.

The judgment is affirmed, with costs to respondents.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Budge, C. J., disqualified.

Petition for rehearing denied.