(No. 5431. March 26, 1930.)

CHICAGO PORTRAIT COMPANY, a Corporation, Appellant, v. MRS. A. C. SEXTON, Respondent.

[286 Pac. 615.]

G. W. Lamson, for Appellant.

D. L. Rhodes, for Intervenor and Respondent.

BUDGE, J.—Appellant brought this action against one Ecker and A. C. Sexton, who were signers of an alleged guaranty or bond furnished to appellant by one Fordham. Fordham was an agent of appellant corporation and sold certain personal property delivered into his possession but failed to account to the corporation for moneys due it. Ecker and Sexton permitted default to go against them. At the time of the filing of the action appellant caused an automobile to be attached as. the property of defendant Sexton. Respondent, wife of A. C. Sexton, filed a complaint in intervention, setting up, among other things, that she was the owner of and entitled to the possession of the automobile. To the complaint in intervention an answer was filed by appellant in which the ownership and right to possession by respondent of the automobile was denied, and ownership in A. C. Sexton and respondent as a community was alleged.

The sole question here for determination is whether the evidence is sufficient to support the finding of the trial court to the effect that the automobile, at and prior to its attachment, was the sole and separate property of respondent. No useful purpose would be served by setting out in detail the nature of the various transactions leading up to vesting of title to the automobile in respondent. Suffice it to say the evidence is ample to show that respondent was the owner of the same. There is no proof of any fraudulent dealings between respondent and her husband or any other person to defeat appellant's recovery. There is no evidence of any transaction for the purpose of defrauding the creditors of A. C. Sexton. The transaction between the husband and wife as disclosed by the record was *bona fide,* whereby money was shown to have been loaned by the wife to the husband and by him used in connection with his business, and repaid to the wife partly with the automobile in question and the balance in cash. It is shown that the moneys loaned to the husband were acquired by the wife as a share of the estate of her parents. While this money was invested at different times by the wife with the assistance of her husband, in a settlement between them it was repaid to her together with profits made upon the investment of the same. The fact that the husband at times had the management and control of the property purchased with the moneys of the wife with her consent creates no presumption that the property was either his separate property or that it was community property. *Wilkerson v. Aven,* 26 Ida. 559, 564, 144 Pac. 1105, wherein it was said:

"In *Title Ins. & Trust Co. v. Ingersoll,* 153 Cal. 1, 94 Pac. 94, it was held that the mere acquirement of the possession of the wife's separate property by the husband and his subsequent management and control of the same, all done with her consent, does not show any intent on the part of the wife to make a gift of such property to the husband or to change its status from separate to community property; that the presumption in such a case appears to be that

the property continues to be the separate property of the wife and the husband takes it in trust for his wife.

"If the husband borrowed money from the wife, we fail to understand why he would not have as valid a right to pay her the money borrowed as he would to pay any of his creditors, and since it does not appear from the evidence that the husband used either her money in the bank or said land as a basis of credit in his mercantile business, the bank certainly did not give the husband any credit because of the savings deposit of the wife or the land which stood in her name."

In the instant case appellant corporation did not extend credit to the husband by reason of the use of the wife's money in his business venture. The wife had no knowledge of the nature of the instrument signed by her husband at the request of Fordham and by the latter turned over to appellant.

Having reached the conclusion, as above indicated, that there is ample evidence to support the finding of the trial court that the automobile was the separate property of the wife, the judgment must be affirmed and it is so ordered. Costs to respondent.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.