(No. 5657.   May 14, 1931.)

ED. SNELL, LUCY SNELL, EMMA SNELL PEDERSON and JULIA RUSKY, Respondents, v. J. C. STICKLER, and ANNIE M. STICKLER, Appellants.

[299 Pac. 1080.]

Rhodes & Estabrook, for Appellants.

S. Ben Dunlap, for Respondents.

GIVENS, J.—Respondents, purchasers at execution sale of certain property, levied on and sold as the community property of appellants, having received a sheriff's deed thereto, sued herein to quiet title against appellants who contend that the property is the separate property of Mrs. Stickler, acquired by her through various trades and transfers by reason of a gift of property originally made to Mrs. Stickler by Mr. Stickler's brother, a number of years prior.

The court found in favor of respondents, evidently on the theory that the gift was to the community, and not to Mrs. Stickler as her sole and separate estate, though he may with propriety have questioned the sufficiency of the tracing of the transmutations of the property.

In a suit to quiet title, each party must recover on the strength of his own title (*Wing v. Wallace*, 42 Ida. 430, 246 Pac. 8; *Steinour v. Oakley State Bank*, 45 Ida. 472, 262 Pac. 1052), and every conveyance to a married woman is presumed to be to the community (*Moore v. Croft*, 47 Ida. 568, 277 Pac. 425), the burden of proof therefore rested on appellants to prove a gift solely to Mrs. Stickler. (*McMillan v. United States Fire Ins. Co.*, 48 Ida. 163, 280 Pac. 220.)

The only testimony touching directly upon the question of the gift was presented by Mr. and Mrs. Stickler, and

while we would not say that the evidence would not support findings and conclusions that a gift as contended by Mrs. Stickler, had been made, to reverse this judgment would require that we substitute our judgment as to what conclusions should be drawn, from a cold record, for the conclusions of the trial judge, made from the same testimony, coupled with the presence of the live witnesses, noting their actions, demeanor, candor and apparent truthfulness.

There were no rights of creditors involved at the time of the transfer to Mrs. Stickler of the property in question. There was no recital in the deed that it was to be the sole property of Mrs. Stickler. (*Bear Lake State Bank v. Wilcox*, 48 Ida. 147, 279 Pac. 1090.) The determination of what the transaction really was, was a question of fact to be determined by the court. (*Bank of Orofino v. Wellman*, 26 Ida. 425, 143 Pac. 1169.)

This class of cases is difficult of decision, but it would only add to the difficulty for us to attempt to substitute our judgment for that of the trial court.

There was no direct, positive and unequivocal testimony that Mrs. Stickler's brother-in-law gave her the property or money to buy it in Montana; the substance of the testimony was that he "helped to buy it," and it was to be a "home for her and her children," as consistent with a loan as a gift, and there are sufficient facts and circumstances in the record to justify his conclusions, which situation requires an affirmance. (*Coleman v. Jaggers*, 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894; *Dearing v. Hockersmith*, 25 Ida. 140, 136 Pac. 994; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122; *McKeehan v. Vollmer-Clearwater Co.*, 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256; *Wheaton v. Bradshaw*, 44 Ida. 129, 255 Pac. 409; *Bear Lake State Bank v. Wilcox, supra.*)

Judgment affirmed. Costs to respondents.

Budge, Varian and McNaughton, JJ., and Babcock, D. J., concur.

Petition for rehearing denied.