(No. 5656.   May 14, 1931.)

ELLEN E. PRESCOTT, Appellant, v. ED. SNELL, LUCY SNELL, EMMA SNELL PEDERSON and JULIA RUSKY, Respondents.

[299 Pac. 1079.]

Rhodes & Estabrook, for Appellant.

S. Ben Dunlap, for Respondents.

GIVENS, J.—Appellant sued to quiet title to certain realty as her sole and separate property acquired by gift from her husband during coverture.

Respondents claimed title thereto as purchasers at execution sale on a judgment against appellant's husband, levied on the realty as community property.

The court found as a fact that the tract was community property, and quieted title in respondents.

The essential assignment of error is the insufficiency of the evidence to support the findings and judgment.

Appellant and her husband testified the property was first purchased jointly, then transferred to George Randall, a friend, for a stated consideration of $4,800, in order to have him later deed it to appellant as a gift from her husband, their understanding being that a direct conveyance could not be made. The retransfer from Randall to appellant was for a stated consideration of $3,000, though only $10 was paid by Mr. Prescott. The deed contained no notation that the property was to be appellant's separate estate. (*Bear Lake State Bank v. Wilcox*, 48 Ida. 147, 279 Pac. 1090.)

Only appellant and her husband testified, and in addition to the above they stated in substance that after the conveyance from Randall, they both lived on the place, improved it with joint funds, indiscriminately used the income therefrom, and in general made no distinction between their property, real or personal, as separate or community.

In *Wilkerson v. Aven*, 26 Ida. 559, 144 Pac. 1105, the transactions as to the wife's property were dis-

tinct, and while the fact that the husband deals with the wife's property is not sufficient alone to show that it was community property (*Chicago Portrait Co. v. Sexton,* 49 Ida. 128, 286 Pac. 615), the burden was on appellant to prove her contention (*McMillan v. United States Fire Ins. Co.,* 48 Ida. 163, 280 Pac. 220), and while property may be conveyed from husband to wife as a gift, if no rights of creditors are at the time involved (and none were herein) (*Boise Assn. of Credit Men v. Glenns Ferry Meat Co.,* 48 Ida. 600, 283 Pac. 1038), all property acquired by the wife during coverture is presumed to be community property (*Moore v. Croft,* 47 Ida. 568, 277 Pac. 425), and it was the province of the trial court to reconcile and determine the facts herein. (*Hill v. Porter,* 38 Ida. 574, 223 Pac. 538.) The statements of husband and wife that the property was the separate property of the wife are mere conclusions and not sufficient to overcome the above presumption. (*Swager v. Peterson,* 49 Ida. 785, at 788, 291 Pac. 1049, at 1050.)

The circumstances detailed in the record, and the necessity of explaining the deed from Randall to appellant, justified the trial court's decision. (*Oylear v. Oylear,* 35 Ida. 732, 208 Pac. 857; *Wheaton v. Bradshaw,* 44 Ida. 129, 255 Pac. 409; *Bear Lake State Bank v. Wilcox, supra.*)

The judgment is therefore affirmed. Costs to respondents.

Budge, Varian and McNaughton, JJ., and Babcock, D. J., concur.

Petition for rehearing denied.