204 P.2d 1034

### HOBBS v. HOBBS.
### No. 7444.

Supreme Court of Idaho.
April 9, 1949.

W. L. Dunn, of Twin Falls, for appellant.

202

Chapman & Chapman and Lawrence B. Quinn, all of Twin Falls, for respondent.

GIVENS, Justice.

During February 1945, appellant's claimed infidelity rifted appellant and respondent with marital infelicity and disruption of conjugality. February 27, respondent filed suit for divorce for adultery. Summons was issued and served. Appellant did not appear within the required time, but no default was taken.

February 28, appellant conveyed to respondent by warranty deed and bill of sale, certain described real and personal property, to be her sole and separate estate.

Following resumption of connubiality and a futile, attempted reconciliation, appellant filed suit for divorce October 13, charging cruelty.

October 19, respondent asked leave to file an amended and supplemental complaint and for issuance of another summons, which application was granted. The supplemental complaint alleged community property as follows:

"(a) The sum of Two Thousand One Hundred and no/100 ($2100.00) Dollars in cash.

"(b) A 1941 Plymouth automobile of the approximate value of One Thousand One Hundred and no/100 ($1100.00) Dollars.

"(c) Unpaid wages due plaintiff and defendant from Kenneth Hume in the sum of approximately Fifty and no/100 ($50.-00) Dollars."

and as her sole and separate property the bulk of the property transferred to her February 27, 1945; and that appellant and respondent March 20, 1945, thus acquired the following described property:

"Lot three (3) of the Mutual Building and L an Association Subdivision of Block seven (7) of the City of Twin Falls, Idaho according to the official plat thereof on file and of record in office of the County Recorder of Twin Falls County, Idaho, and that the plaintiff herein contributed to the purchase of said home the sum of Three Thousand and no/100 ($3000.00) Dollars

from her sole and separate estate and that there was contributed by the community to such purchase price the sum of Three Thousand Five Hundred and no/100 ($3500.00) Dollars, and that in addition to the said sum of Three Thousand Five Hundred and no/100 ($3500.00) Dollars so paid on account of the purchase price of said real estate that the plaintiff has made further payments on account of said purchase price from her sole and separate estate in the sum of Forty-five and 98/100 ($45.98) Dollars per month for the months of June, July and August, 1945, and that no further payments have been made thereon by either plaintiff or defendant."

and reiterated the former acts of appellant's claimed adultery and subsequent commissions during the months of April and May; that appellant withdrew $2,000.-00 community funds from the Twin Falls Bank and Trust Company when he filed his divorce action; and asked for suit money and attorney's fees.

The answer denied that any of the property was the sole and separate property of respondent, but that the above transfers were made in furtherance of the attempted reconciliation, and alleged various other and exculpatory and affirmative defenses and countercharges, and asked for a divorce because of cruelty.

Following various intermediate orders, upon an ensuing, hard-fought trial, fraught with crimination and recrimination, the court granted respondent a divorce and found the property conveyed by appellant to her, and the property purchased March 20, 1945, was her sole and separate property; that the only community property consisted of one 1941 Plymouth automobile; that the income from the property, both community and separate, was not sufficient to support and maintain respondent in the manner she had been accustomed to being supported and maintained by appellant, or compensate her for the humiliation and mental suffering caused by the act of adultery occurring on February 27, 1945; and decreed all of the community and separate property to respondent under Section 31-712, I.C.A.

Appellant has foregone his appeal as to the divorce and now presents as the only claimed error, the awarding of all the property to respondent, contending the property decreed respondent as her sole and separate property was in fact community property, and considered as such the trial court did not intend to give her all the property.

Conceding that the attitude of the parties towards the disposition of this property in connection with the sought reconciliation was dissimilar, and respondent's subsequent attitude and statements with regard to its status, were equivocal, husband and wife may contract with each other and when the husband is free from debt, he may make her a gift of community property, which thereupon becomes her separate property. Printz v. Brown, 31

Idaho 443, 174 P. 1012; Boise Ass'n of Credit Men v. Glenns Ferry Meat Co., 48 Idaho 600, at page 605, 283 P. 1038 and cases cited; Prescott v. Snell, 50 Idaho 644, 299 P. 1079; Section 31-907, I.C.A., as amended, 1943 Session Laws, Chapter 23, p. 51. No creditors are involved herein.

Whether the property was conveyed by appellant to respondent solely upon the expectation that the reconciliation would become effective and in reliance thereon, or otherwise, was a question of fact to be determined by the trial judge and the evidence in this respect is of such a nature as to sustain his findings and conclusions that this property was transferred to her as and became her sole and separate property thereafter without reservations.

Likewise, with regard to the property in Twin Falls, as to the proportion of the purchase price paid therefor by respondent and/or appellant, and the extent each contributed to the acquisition of the community estate, the evidence was conflicting. It is evident from the finding above noted, the court took into consideration all of the property, regardless of its status and made an advised award.

The award of the property under Section 31-712, I.C.A., supra, will be disturbed only by showing a clear abuse of discretion. Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94; Carter v. Carter, 39 Idaho 798, at page 801, 230 P. 768; Smiley v. Smiley, 46 Idaho 588, 269 P. 589; Fish v. Fish, 67 Idaho 78, 170 P.2d 802.

In Carter v. Carter, supra, the wife was the offender and all the community property—there being no indication she was possessed of any separate property—was awarded to the husband; in principle, as drastic a distribution as made herein.

The trial court's disposition of the property is, of course, subject to review, but there is no showing here that he abused his discretion in making the award.

The decree is, therefore, *affirmed*. Costs awarded to respondent.

HOLDEN, C. J., PORTER, J., and SUTTON and GLENNON, District Judges, concur.